## RAILROAD COMPANY *v.* LOFTIN.

1. Lands in Arkansas, granted by the State to the Memphis and St. Louis Railroad Company, and held for the purpose of raising money to build its road, are not, by its charter, exempt from taxation. *Railroad Company* v. *Loftin* (98 U. S. 559) cited upon this point and approved. *Quære,* Are the lands exempt which were acquired by the company in payment for its increased stock.

2. The swamp and overflowed lands donated by the United States to Arkansas are, unless sooner reclaimed, exempt from taxation for ten years after they have been sold by the State.

ERROR to the Supreme Court of the State of Arkansas. The facts are stated in the opinion of the court.

*Mr. William Y. C. Humes* for the plaintiff in error. *Mr. Augustus H. Garland, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit in equity, brought by the Memphis & St. Louis Railroad Company in the Circuit Court of Jackson County, Arkansas, to restrain the collection of taxes imposed under the authority of the State upon certain lands in that county owned by the company. The Supreme Court of the State affirmed the decree of the Circuit Court dismissing the bill on demurrer. The complainant thereupon sued out this writ of error.

Two questions are presented for our consideration: —

1. Whether the State by imposing the tax has impaired the obligation of a contract in the charter exempting the capital stock of the company from taxation; and,

2. Whether it has impaired the obligation of a contract made with the purchasers of its swamp and overflowed lands for exemption from taxation.

1. As to the charter.

The section of the charter relied on is as follows : —

"SECT. 21. The capital stock of said company, with all the immunities and franchises herein specified, and all machinery, cars, engines, or carriages, belonging to said company, together with all their works and property, and all profits which shall arise from the same, shall be vested in the respective stockholders forever, in proportion to their respective shares; and the capital stock of said company, and the dividends, shall be exempted from taxation until a dividend of six per cent is realized upon the capital stock, and the road, with all its fixtures, and appurtenances, including workshops, warehouses, and vehicles of transportation, shall be exempted from taxation for the period of twenty-five years from the completion of the road, and no tax shall ever be levied on said road or its fixtures which will reduce its dividends below ten per cent per annum. Said stockholders shall not be bound or liable for any greater amount than the respective shares of stock which they or either of them own."

The averment in the complaint to bring the lands in question under this exemption is in the following words: —

"And that the said lands were acquired by the plaintiff and are now held by it for the purpose of raising money to build said road, and that it is a part of the property of said company, fully represented by its capital stock and not otherwise, and that said road has not as yet been completed, and that no dividend has as yet been realized on said capital stock, or any part thereof."

In *Railway Company* v. *Loftin* (98 U. S. 559), in passing upon a provision of the charter of the Mississippi Valley Railroad Company, substantially like the section here relied on, this court held that the exemption did not extend to lands granted by the State to the company to aid in the construction of its railroad. Such lands, it was then said, were used in lieu of capital, and to the extent they could be made available relieved the company from the necessity of raising money through stock subscriptions. Like the court below, we are

unable to distinguish the case made by this complaint from that. The only material averment of fact in this connection is that the lands in question are held by the company for the purpose of raising money to build its road. This is entirely consistent with their use in lieu of capital. It is true the complaint alleges that the lands are fully represented by the capital stock, but that is only as a legal conclusion from what was stated before. The facts showing why the lands represented the capital must be set forth. Those which have been stated are not enough, and consequently the legal conclusion which the pleader has drawn from them in the complaint cannot be sustained.

In the elaborate printed argument presented for the plaintiff in error, reference is made to facts not stated in the complaint. These we cannot consider. As the case was submitted on demurrer, only the averments in the complaint are before us. While we may take judicial notice of the several statutes of the State which are relied on, the complaint alone must be looked to for information as to the manner in which the lands were acquired and the purposes for which they are held. While it may be true, as is claimed, that, under sect. 3 of the charter of the company, lands might have been accepted in payment for increased stock, and that the lands in question were acquired in that way, it is not so stated in the complaint. Whether, if the facts as claimed in argument had been stated, the exemption contended for would follow, is not for us now to decide. Upon this branch of the case, as it comes to us, the judgment below was, in our opinion, right, and must consequently be affirmed.

2. As to the swamp lands.

These were part of the swamp and overflowed lands donated by the United States to the State, and the State statute providing for their reclamation and sale contained the following: —

" SECT. 14. *Be it further enacted,* that to encourage by all just means the progress and completion of the reclamation by offering inducements to purchasers and contractors to take up said lands, that the swamp and overflowed lands shall be exempt from taxation for the term of ten years, or until said lands are reclaimed."

That under this section purchasers of the lands acquired a right by contract to exemption from taxation for the stipulated time is not denied, and this court so decided in *McGee* v. *Mathis*, 4 Wall. 143. The only dispute is as to the time the exemption is to continue. The railroad company insists that it is for ten years absolutely, and thereafter until the lands are reclaimed; the State, that it is for ten years, if the lands are not sooner reclaimed, but if they are, that it ceases on the reclamation. The Supreme Court of the State, in *State* v. *County Court of Crittenden County* (19 Ark. 360), as early as January, 1858, gave the statute the construction now contended for by the State, and this decision has never been overruled. It was expressly recognized by the Supreme Court of the State in *McGee* v. *Mathis* (21 id. 40), and by this court in the same case, which came here on writ of error, and is reported in the 4th of Wallace, *supra*. Counsel frankly concede that the language of the statute is ambiguous, and that the grammatical construction is in accordance with what has been ruled. All such exemptions are to be construed strictly. Every doubt is to be resolved in favor of the power to tax. Under such circumstances, if the question were an open one, we should have little difficulty in reaching the same conclusion as the courts of the State have done. Manifestly, therefore, we are not now called upon to overrule what has been settled for nearly a quarter of a century.

It is expressly stated in the complaint that the lands held by the company were sold by the State more than ten years before this suit was begun. Consequently they are not exempt as swamp lands.

*Judgment affirmed.*