# Swann & Billups *v.* The State.

*Certiorari to County Commissioners, in matter of Assessment of Taxes on Railroad Lands.*

| 77 | 545 |
| 102 | 567 |
| 77 | 545 |
| 124 | 234 |

1. *When tax-year begins.*—The tax-year, so far as relates to real estate, commences on the first day of January, and the tax-payer is required to include in his schedule of property the lands owned by him on that day.

2. *Exemption of railroad lands from taxation "for the term of eight years from May 1st, 1876;" when term begins.*—Under the provisions of the act approved February 23d, 1876, known as the "Debt Settlement Act" (Sess. Acts 1875-6, p. 130), certain lands granted by Congress to aid in the construction of railroads, and afterwards acquired by the State under mortgages to secure its indorsement of railroad bonds, were to be disposed of, to the said railroads, or for their benefit; and it was declared that "the lands which may be acquired by the holders of the bonds mentioned in the 15th section of this act, or by the trustees hereinafter provided for the use of said bondholders under the terms of this act, shall remain exempt from taxation by this State, *for the term of eight years from the first day of May, 1876.*" *Held,* that as the lands were not subject to taxation from January 1st to May 1st, 1876, while they were the property of the State, and as no provision was made by law for taxing

35

lands acquired after January 1st, the year 1876 was not to be computed as one of the eight years during which the lands were exempt from taxation, but the term commenced with the year 1877.

· APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. LEROY F. Box.

In the matter of the petition of John Swann and John A. Billups, as trustees, addressed to the Court of County Commissioners, asking that an assessment of taxes made by the county assessor of DeKalb, upon and against certain lands held by the petitioners as trustees under the provisions of the "Debt Settlement Act," for State and county taxes due for the year 1884, be vacated and set aside, as being illegal and unauthorized. The petitioners were appointed such trustees, under the provisions of said act, in February, 1877 ; and they claimed that, under the 17th section of said act, the railroad lands held by them were exempt from taxation for the year 1884, as a part of the eight years during which such exemption was granted and declared by that section. The petition was contested, in the name of the State, by the attorney-general, who moved to dismiss it ; but the court overruled his motion, and made an order vacating and setting aside the assessment. The proceedings were then removed by certiorari, at the instance of the State, into the Circuit Court ; and on the hearing, the facts being undisputed, that court rendered judgment vacating and setting aside the order and proceedings of the County Commissioners. From this judgment the trustees appeal, and here assign it as error.

SAMUEL F. RICE, for appellants.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—Certain lands in DeKalb and other counties were granted to the State of Alabama, to aid in the construction of railroads, under the act of Congress making provision therefor. The right and title to these lands had become vested in the State, under proceedings not necessary to be here described. Under the act of the legislature, known as the "Debt Settlement Act," approved February 23d, 1876—Sess. Acts, 130—provision was made for disposing of these lands to, and for the benefit of the railroads, to whose construction they had been dedicated. The title of the appellants was acquired under this statute. The 17th section of said act provides, "that the lands which may be acquired by the holders of the bonds mentioned in the fifteenth section of this act, or by the trustees hereinafter provided, for the use of said bondholders under the terms of this act, shall remain exempt from taxation by this

VOL. LXXVII.

[Swann & Billups v. The State.]

State, for the term of eight years from the first day of May, 1876." The question in this case is, Should the year 1876 be computed as one of the eight years for which said lands are declared exempt from taxation ? The court of County Commissioners answered this question in the negative; the Circuit Court in the affirmative.

The right of taxation is one of the attributes of sovereignty, which can not be permanently bargained away. Without it, the State can not live. Hence it is that the power and intention to tax are never subjected to the rules we apply to penal enactments. The rule is rather the opposite, and requires us to scan narrowly every asserted claim of exemptions. Liability to taxation is the rule—exemption the exception, to be proved by him who asserts it. —*Alexandria Canal & R. R. Co. v. District of Columbia*, 7 Am. & Eng. R. R. Cas. 325 ; *Cornwall v. Todd*, 38 Conn. 443 ; *Taylor v. U. S.*, 3 How. U. S. 197 ; *U. S. v. Hodson*, 10 Wall. 395 ; *Del. R. R. Tax*, 18 Wall. 206 ; *R. R. Co. v. Loftin*, 105 U. S. 258 ; *Memphis Gas Light Co. v. Taxing District*, 109 U. S. 398.

The lands, the subject of the present controversy, were clearly. not liable to taxation for four months, commencing January 1st, 1876, and ending May 1st next afterwards. They were, during that interval, the property of the State ; and the State does not go through the profitless and expensive ceremony of levying a tax on itself, to be paid by itself, and to itself.—Code of 1876, § 358, subd. 2. The tax-year, with us, except the assessment upon certain specified subjects of taxation, of which land is not one, commences with January 1st, and ends with December. Code, § 360. The assessor may begin the duties of assessment January 1st, in any year.—Code, § 399. The tax-payer is required to take an oath, that he will make a true return of all his taxable property, at its market value, on the first day of January preceding the assessment.—Code, § 363.

Now, all these provisions tend strongly to show that ownership of property—particularly landed property—on the first day of January, is one of the conditions of the tax-payer's liability. The oath he takes binds his conscience so far, and no farther. If, by interpretation, we hold he must render in real estate afterwards acquired, then we are forced to decide that he must render the list of part of his property under oath, and the residue without oath. And if he is required to render for assessment lands acquired from the State after the first day of January, why not require the same as to lands he acquires from private persons under like circumstances ? Yet, in a transfer from individual to individual, the rule is universal and well understood, that he who owns the lands on the first day of January must pay the taxes for the current year. Our statutes have

made no provision for assessing taxes during any year, on lands acquired after the first day of January of that year.—*The State v. Board of Revenue*, 73 Ala. 85. We think a fair test of the argument we are making, may be presented in the following supposed case : A. sells and conveys lands to B., on the first day of May, 1876. C., for a valuable consideration, binds himself to pay, and thus relieve B. from the payment of taxes for eight years. What is the beginning, and what the end of this term of years? Certainly 1876 is not one of the eight years, for A. is bound to pay the taxes of that year. The term will commence with 1877, and end with 1884. And, if this be correct, can the fact that the State makes the sale work any difference?—*State v. Williamson*, 33 N. J. Law, 77 ; *McLaren v. Sheble*, 45 Miss. 130 ; Hilliard on Taxation, 171.

We have found but a single case—*State, ex rel. v. Certain Lands*, 40 Ark. 34—which seems to have considered this question. The decision in that case is seemingly made to turn on statute law, which we do not find in our library. The report of the case does not enable us to determine what are their statutory provisions. If they are similar to ours, we decline to follow what seems to be the ruling in that case.

Our statute (Code, § 360) makes provision, that "property brought into the State since the first day of January, and before the assessor has completed his assessment, shall be subject to taxation the same as if it had been held and owned in the State on the first day of January." This, it is contended, furnishes an analogy for taxing the lands brought to view in this record. We think the tendency of the argument is in the opposite direction. The statutory provision certainly shows two things : first, that ownership on the first day of January, as a general rule, is the test of liability to taxation ; and, second, that the attention of the legislature was directed to the subject of property brought under the jurisdiction of the taxing power *after* the first day of January. They provided for taxing one class of personal property—that brought into the State after the first day of January—and did not provide for taxing any other acquisition during the year. That there may be many other mode of acquiring property, and many other methods of increasing its taxable value, no one need be told. They are not provided for. *Inclusio unius est exclusio alterius.*

The judgment of the Circuit Court is reversed and annulled, and the judgment and decree of the court of County Commissioners reinstated.