# Kuhl v. Long et al.

*Action of Assumpsit.*

1. *Taxation; when tax lien attaches.*—The lien in favor of the State attaches to property subject to taxation from the first day of January of each year when there is a delinquency; and this lien can be enforced notwithstanding any subsequent alienation of the property.

2. *Pleadings, complaint on appeal from justice of the peace court.*— When a suit is brought in a justice of the peace court by two persons

[Kuhl v. Long *et al.*]

in their individual names, "doing business" as a firm, a judgment is rendered in favor of said persons individually, and the appeal bond to the circuit court is made payable to them individually, there is no error in allowing said plaintiffs to file their complaint in the circuit court in their individual names.

3   *Same; when complaint filed on appeal from justice of the peace court.*—On an appeal to the circuit court from a judgment rendered by a justice of the peace, where the complaint was filed before the trial was entered upon, it is no ground for dismissing the suit that the parties announced themselves ready for trial before the complaint was filed.

4.   *Evidence; introduction of tax receipts.*—In a suit by the individual members of a firm to recover money paid for taxes due on property purchased from defendant, the tax collector's receipt in the firm name is admissible in evidence; such receipt tending to show payment and the amount paid, and it being competent to explain the receipt.

5.   *Evidence of custom and usage.*—Evidence of a custom and usage is not admissible to enlarge, diminish or affect the legal rights and liabilities of parties, fixed by their written agreement, about which there is no ambiguity.

6.   *Instruction to jury after their retirement; error in absence of counsel.*—After the jury have retired, it is error for the court to give them further instructions, at their request, in the absence of counsel, without the court having first exercised proper diligence to have counsel notified.

7.   *Same; how question presented on appeal.*—Where, in the absence of counsel, the court, after the retirement of the jury, further instructs them. at their request, to present such action of the court for review on appeal an exception must be made to the giving of the charge, or a motion made for a new trial based thereupon and an exception reserved to the overruling of the motion; and where the bill of exceptions fails to disclose either of such exceptions, the ruling will not be considered on appeal.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JAMES T. JONES.

This was an action of assumpsit brought by the appellees, Elizabeth Long and Catherine Long, against the appellant, Mariah M. Kuhl; and sought to recover the amount paid by the plaintiffs for taxes upon certain property, which they had purchased from the defendant. The suit was originally commenced in a justice of the peace court. There was no complaint filed in that court, but in the summons, the cause of action was stated as follows: "Amt. due bill taxes City of Mobile on property bot. by plaintiff from defendant after January 1, 1892, $16.40; amount of taxes bill State and

County, Mobile, bot. by plaintiff from defendant after January 1, 1892, $24.75." The justice of the peace rendered judgment for the plaintiff for $41.15, the total amount claimed, and the defendant appealed to the circuit court. In the circuit court the plaintiff announced ready without having filed a complaint in the cause; and thereupon the defendant moved to dismiss the cause for the want of prosecution, and because the plaintiffs had announced themselves ready for trial and had not filed any complaint—the record showing that the amount claimed by plaintiff was more than $20. The court refused this motion, and the defendant duly excepted. The plaintiffs were then allowed by the court to file their complaint, in which they sued individually as Elizabeth Long and Catherine Long, and not as "Long & Co." The summons from the justice of the peace court commanded defendant to appear and answer the complaint "of Elizabeth Long and Jane Long, doing business as Long & Co." The defendant objected and excepted to the complaint being filed.

On the trial of the cause, as is shown by the bill of exceptions, Elizabeth Long, one of the plaintiffs, testified that she and her co-plaintiff, purchased a certain lot of land from the defendant, on January 21, 1892, and that there was a deed executed to them on that day. This witness further testified that she paid the taxes when the bill for the same was presented to her by the tax collector, and offered to introduce in evidence the receipt of the tax collector for the payment of the same. One of these receipts was made out in the name of "Mrs. Elizabeth Long & Co." To the introduction of this receipt of the tax collector in evidence the defendant objected, because it was immaterial and irrelevant, and because on its face it was not the tax bill of the plaintiff's in this case. The court overruled this objection, admitted the said receipt in evidence, and to this ruling the defendant duly excepted.

The testimony for the defendant tended to show that the negotiation for the purchase of her land by the plaintiffs was carried on by the agents of the respective parties. The agreement of her agent to pay the taxes is copied in the opinion. It was also testified for the defendant that the payment of taxes due upon real estate was, according to usage and custom in the real estate

business, a matter of special agreement between the vendor and vendee, and the taxes were usually prorated.

Upon the introduction of all the evidence the defendant requested the court to give the general affirmative charge in her behalf, and duly excepted to the court's refusal to give the same.

The action of the court in giving additional instructions to the jury in the absence of the defendant's counsel is sufficiently stated in the opinion.

After the return of the verdict of the jury for the plaintiffs the court rendered judgment accordingly; and thereupon the defendant moved the court to set aside the verdict and judgment and grant her a new trial, upon several grounds, which it is unnecessary to set out in detail. This motion for a new trial was overruled, and the defendant duly excepted. The appeal is prosecuted by the defendant, who assigns as error the rulings of the court upon the evidence, the refusal to give the general affirmative charge for the defendant, the court's refusal to grant a new trial, and the charge given to the jury in the absence of her counsel.

FRED'K G. BROMBERG, for appellant.—The complaint filed in the circuit court was an entire departure as to the present plaintiffs from those in the justice court, and should not, therefore, have been allowed.—*Railroad Co. v. Mallon*, 57 Ala. 168.

The suit should have been dismissed because of the failure of the plaintiffs to file their complaint, before the parties announced ready for trial.—Code of 1886, §§ 3405, 3407 ; *Aderhold v. Mayor &c. of Anniston*, 99 Ala. 521.

The custom and usage as to the payment of taxes entered as an element into the sale of the property by defendants to plaintiffs, and evidence of such custom and usage was admissible.—*Cawthorn v. Lusk*, 97 Ala. 674 ; *Holmes v. Whitaker*, 31 Pac. Rep. 706; Mechem on Agency, §§ 281, 365.

W. S. ANDERSON, *contra*.—The defendant was liable for the taxes for the year 1892, being the owner of the property on the first day of January, 1892. The court can not review the rulings of the trial court in instructing the jury after their retirement, and during the absence of defendant's attorney.—*Phoenix Ins. Co. v. Moog*,

81 Ala. 335 ; *Driggers v. Cassady*, 71 Ala. 529 ; *Swann v. State*, 77 Ala. 545.

COLEMAN, J.—On the 21st of January, 1892, Mariah M. Kuhl sold and conveyed by deed for a present expressed consideration, with covenants of warranty, a certain parcel of land to Elizabeth Long and Catherine Long.   Subsequently the vendees paid the taxes which were assessed against the land for the year 1892.   The plaintiffs Long began proceedings in the justice court, to recover the amount thus paid for taxes.   The lien for taxes attaches to land on the first day of January, and this lien holds good against any subsequent alienation. *Driggers v. Cassady*, 71 Ala. 529 ; *Swann & Billups v. The State*, 77 Ala. 545.   The summons issued by the justice of the peace commanded the defendant to appear and answer the complaint ''of Elizabeth Long and Jane Long doing business as Long & Co.''   The bond given on the appeal from the justice court to the circuit court was made payable "to Elizabeth Long and Catherine Long," and from a judgment "in favor of Elizabeth Long and Catherine Long."   There was no error in allowing the plaintiffs to file their complaint in the circuit court, in their individual names.   The suit was originally brought in their names as shown by the summons.

Nor was there any error in overruling the motion to dismiss the suit, because no complaint had been filed in the circuit court, before the parties announced themselves *ready for trial*.   It was filed before the trial was entered upon.

The defendant objected to the introduction of the tax collector's receipt, "because immaterial and irrelevant and because on its face, it was the bill of Elizabeth Long & Co."   There is no merit in this objection.   These receipts are evidence tending to show payment and the amount paid ; and it was entirely competent to explain the receipts.

The next question presents one of more difficulty.   The transaction for the sale of the land was carried on for several days by agents of the respective parties.   The vendor, Mariah M. Kuhl, was present at no time.   After the agreement for the sale and purchase of the land was agreed upon by their respective agents, the vendor signed the deed for the conveyance of the land and delivered it

[Kuhl v. Long *et al.*]

to Espalla, her agent, to be delivered upon compliance with the terms of purchase. The vendees Long were present to pay the purchase money and to receive the deed. It is in evidence "that the plaintiffs requested that the defendant give her a writing that she would pay all taxes accruing up to January 1st, 1892, and witness [Espalla], as defendant's agent, executed a writing as follows :

'MOBILE, ALA., Jan. 25th, 1892.

This is to certify that I, Joseph Espalla, Jr., agent Mrs. Mariah M. Kuhl, will see that all taxes on the store and lot on the north side of Dauphin Street, 3d west of Claiborne street, up to the 1st day of January, 1892, are paid by the said Mariah M. Kuhl.

[Signed]        MARIAH M. KUHL.

Per Joseph Espalla, Jr., Agent.'''

This writing was delivered to plaintiffs and by them accepted. A comparison of the receipt with the deed does not enable us to determine that both instruments refer to the same property. The proof is silent on this question. One bears date January 25th, 1892, the deed January 21st, 1892. We are unable to determine from the evidence whether both were delivered at the same time and when the purchase money was paid, or whether the one bearing the later date was subsequent also in its execution, and independent of the other. If the two were cotemporaneous and related the one to the other as different parts of the same transaction, construing them as one, we think the parties themselves have settled the question of liability. If the parties expressly stipulated that the vendor was to pay all the taxes which were a lien upon the land up to January 1st, 1892, the principle that *expressio vnius, est exclusio alterius* would apply. Unless we give this effect to the writing, it could have no operation. On the other hand, if it was executed several days after the sale and purchase were completed, and did not enter into its consideration, without some sufficient consideration, it would not be binding, and the parties would stand upon their legal rights and liabilities fixed by the written terms of the contract of sale and purchase. We do not think evidence of any custom among real estate brokers admissible to enlarge or diminish or affect the legal rights and liabilities of par-

[Kuhl v. Long *et al.*]

ties fixed by their written agreement, about which there is no ambiguity.

The burden rests upon appellant to show affirmatively error was committed by the trial court. The bill of exceptions states that "after the jury had retired, they returned to the court room and requested the court to give them further instructions whilst the defendant's attorney was absent from the court, and the court gave additional instructions to the jury in his absence." We are not willing to give our sanction to a practice of this character. Courts should not instruct juries in the absence of counsel. They are not only deprived of the opportunity to except to such charges, but have no opportunity to ask for explanatory charges, if deemed necessary. We would not be understood as holding, that counsel may absent themselves intentionally, and thus interfere with the administration and dispatch of business. Such is not our ruling. Here the jury had been charged and retired. Counsel for the defendant had the right to presume the instructions to the jury were completed, and that none others would be given without notice to him. If the court had caused counsel to be called, or otherwise exercised proper diligence to have him notified to attend, we would not say the court should unreasonably delay the jury or the termination of the cause, on account of the absence of counsel. All the evidence is set out in the bill of exceptions, and it shows, that upon the return of the jury into court for further instructions, the court proceeded to charge them orally, in the absence of counsel, and there is no evidence to show that any attempt was made to notify counsel. The question, however, is not presented in such a shape as to authorize this court to review it. If the appellant had moved the court to grant a new trial, based upon the action of the court in this respect, and his motion had been denied or overruled and an exception reserved, we would not hesitate to reverse the case, but no such ground is specified in the motion for a new trial. The facts appear in the bill of exceptions, and the bill of exceptions fails to show an exception to the giving of the charge, or to the action of the court.

Affirmed.