CHARLES BEDNAR, Appellant, v. C. D. CARROLL, as Treasurer of Linn County.

**Taxation:** EXEMPTION: PENSION MONEY. The interest accruing from
1  pension money is not exempt from taxation.

**Same:** ASSESSMENT OF OMITTED PROPERTY: REVIEW OF PROCEEDINGS:
2  INJUNCTION. The right of appeal from the action of the county
treasurer in assessing omitted property is an exclusive remedy,
and the party aggrieved cannot resort to an independent action
in equity to correct a claimed overassessment, unless the tax
imposed is illegal and void: but if it is conceded or established
beyond controversy, in an independent action, that the property
assessed is wholly exempt from taxation then a collection of the
tax may be enjoined.

*Appeal from Linn District Court.*— HON. B. H. MILLER,
Judge.

.TUESDAY, MAY 5, 1908.

ACTION in equity to enjoin the enforcement of an assessment to plaintiff of property omitted from taxation. There was a judgment for defendant, and plaintiff appeals. — *Affirmed.*

*Lewis Heins,* for appellant.

*Voris & Haas,* for appellee.

McCLAIN, J.— In March, 1903, in pursuance of proper notice, the defendant as treasurer assessed against plaintiff taxes in the sum of $594.49 for moneys and credits of plaintiff omitted from taxation for the years 1898 to 1902, inclusive, the valuation of the moneys and credits thus omitted being specified in sums exceeding $10,000, save for the year 1898, for which it was fixed at an amount slightly ex-

ceeding $4,000. Plaintiff appeared in response to the notice, and had an opportunity to be heard before the assessment was made, but he did not appeal from the assessment, and in this action asks that the enforcement of the assessment be enjoined, on the ground that the moneys and credits thus assessed as omitted property consisted exclusively of pension money received from the federal government, which is exempt under the provisions of Code, sections 1309, 4009, and Rev. St. U. S. section 4747. Plaintiff testified that in 1882 he received a back pension from the federal government in the sum of $185, and from that on a pension at the rate of $12 per month, and that he kept this pension money invested at interest as a separate fund, adding thereto interest received from such investment, which interest amounted as he variously estimated it in his testimony to from $3,000 to $10,000. He claimed that his entire expenses for living and other purposes were defrayed during these years out of his earnings as a laborer and out of the interest and income on other moneys and property, and to a slight extent out of the interest on pension money, but that no portion of his pension money was ever expended. He did not claim, however, that the moneys and credits consisting of notes secured by mortgage on which the assessment for omitted property was based wholly represented pension money, or the interest thereon, nor did he claim that in the investment of his pension money he kept it separate from money received from other sources. It is sufficient for the purpose of disposing of the case to accept his general statement made without proof as to specific items of investment by way of principal or interest that he had received $4,000 as pension money, and that with interest added to and invested with such pension money he had a fund of $7,000 exempt from assessment, and that this $7,000 was included in the moneys and credits for which the treasurer made the assessment complained of.

In the first place, we find no authority for allowing

an exemption from taxation of the interest received on pension money. The provision of the federal statute is that no sum of money due or about to become due to any pensioner shall be liable to seizure under process while remaining in the pension office or with any officer or agent thereof, or in the course of transmission to the pensioner, but shall inure wholly to the benefit of such pensioner. This statutory provision is fully satisfied when the pension money is allowed to pass into the hands of the pensioner to be used by him as funds received from other sources. The State statute is not broader in its terms, for it simply provides that pensions are not to be included in the term " credits " which are subject to taxation. See Code, section 1309. Under section 4009 pensions received are exempt from execution whether in the actual possession of the pensioner or deposited, loaned, or invested by him. Prior to the enactment of this statutory provision we had held that property exclusively acquired by the investment of pension money was exempt from execution under the provisions of the federal statute. *Crow v. Brown,* 81 Iowa, 344, same case, 86 Iowa, 741. But in *Smyth v. Hall,* 126 Iowa, 627, we said that the statutory provision embodying this rule did not operate to exempt the increase or proceeds derived from the property exempted to the debtor as procured with pension money. We find no authority for exempting to the pensioner the interest and interest upon interest derived from investments of pension money. If the profits derived by the investment of pension money in property are not exempt from execution, there seems to be no reason for holding that interest derived from the loaning of pension money shall be exempt from taxation. Conceding, then, for the purpose of this case, that plaintiff, although mingling his pension money with money derived from other sources, might claim exemption to the aggregate extent of the pension money received and not expended out of his total moneys and credits, we reach the conclusion that under

1. TAXATION: exemption: pension money.

the evidence this exemption could not exceed $4,000, which he claims is the total amount of pension money received.

We have, then, this situation: Plaintiff was taxed in the sum of $504.49 on moneys and credits omitted from assessment for previous years, as shown by a tabulated statement of notes secured by mortgages held by him during the years in question, amounting to sums largely in excess, not only of the total amount of his pension money received, but for all the years save one largely in excess of the entire fund which he claims to have had on hand as the result of the investment of pension money and interest thereon. As to some of the items of this list plaintiff attempted to show that these mortgages did not at the time they were listed represent credits belonging to him in his own right. As to some of the mortgages he claimed that they had been in fact discharged, although not satisfied of record at the date when the assessment was made, and as to others he claimed that they represented moneys held by him in a representative capacity. But we think that it is not necessary to go into the question of fact thus raised. If the defendant as treasurer had jurisdiction to make an assessment for omitted property, then the correctness of his assessment is to be determined by the proceedings expressly authorized for that purpose, and not in an action in equity to enjoin the enforcement of the assessment as illegal and void. It is to this proposition as decisive of the present controversy that we shall now direct our attention.

The assessment by the defendant as treasurer was made in pursuance of the provisions of the 28th General Assembly, chapter 50 (Code Supp. 1902, section 1407a), which au-

2. SAME: assessment of omitted property: review of proceedings: injunction.

thorizes a review of the action of the treasurer on appeal to the district court. Where a special remedy such as that of appeal in proceedings for the assessment of property is provided for, it is exclusive, and the complaining party cannot resort to a court of equity unless the tax is illegal

and void.  *Crawford v. Polk County,* 112 Iowa, 118; *Collins v. Keokuk,* 118 Iowa, 30; *Ferguson v. Town of Rolfe,* 119 Iowa, 338.  The treasurer in the first instance, and the district court in an appeal from his action, have authority to determine whether any property of the taxpayer has been so omitted, and whether it is exempt from taxation.

In the case before us it is plain that these questions are to be determined on evidence submitted, and the plaintiff would have the burden of establishing the exemption when the existence of property omitted from taxation was made to appear.  *Lacy v. Davis,* 112 Iowa, 106.  Plaintiff's testimony would not be conclusive as to the facts.  " Jurisdiction can never depend on the sufficiency of the evidence. If an officer or tribunal who has the power, and whose duty it is to hear and determine a case, is guilty only of a defective or wrongful execution of such power, the judgment is not void, it is only voidable, and stands as valid until reversed on appeal. . . . An appeal is provided in these cases, and we are of opinion that it is on an appeal that the court must determine on the whole evidence whether an assessment has been properly made."  *Security Sav. Bank v. Carroll,* 131 Iowa, 605.  Even if the property which the treasurer sought to assess as having been omitted from taxation had been in fact properly listed and assessed and the taxes thereon had been paid, the remedy of the plaintiff for the improper assessment would have been by appeal, and not by an independent action.  *Stevens v. Carroll,* 130 Iowa, 463; *Gibson v. Cooley,* 129 Iowa, 529.

If the sole question were whether the property for which the plaintiff was assessed was exempt property, that is, if it were conceded or established beyond controversy that the property was, in fact, exempt, then the enforcement of the tax might be enjoined.  *Smith v. Osburn,* 53 Iowa, 474. But this fact was not conceded, nor was it established beyond controversy.  It was one of the facts to be determined by

the treasurer and on proper appeal by the district court. As already indicated, plaintiff's own testimony showed that not more than $7,000 of moneys and credits could be claimed as exempt to him as pension money, and the facts disclosed on his cross-examination indicated that not more than $4,000 of his moneys and credits was pension money received from the United States. The treasurer's assessment was based on a finding of a larger amount of moneys and credits than the plaintiff was entitled to claim as exempt. Therefore clearly the treasurer had jurisdiction, and the only question was as to the correctness of his finding, and this question as already indicated should have been submitted to the determination of the district court, if plaintiff was dissatisfied with the finding of the treasurer.

Counsel for appellant seems to insist that the question of exemption can always be raised by a suit in equity to enjoin the enforcement of a tax, and he relies upon *Manning v. Spry,* 121 Iowa, 191. But this was a case where the treasurer was seeking to enforce as against the guardian of an insane ward a tax levied upon pension money of the ward in the guardian's hands. There was no controversy as to the facts, and there was no claim that the guardian was subject to taxation otherwise than as having in possession such pension money for his ward. The conclusion of the court that the enforcement of the tax should be enjoined was based expressly on the finding that the pension money had not yet reached the hands of the pensioner, but was in possession of the guardian as the agent of the United States under the provisions of Rev. St. U. S., section 4747. This case falls far short of holding that, when a taxpayer insists that a portion of his moneys and credits is exempt as pension money from taxation, he is entitled to go into a court of equity to restrain the enforcement of an individual tax on his moneys and credits and make out a case by simply testifying that so much of his moneys and credits as had been taxed was exempt to him as a fund accruing from the

accumulation of pension money with interest thereon. It must be borne in mind that no specific securities were shown to have been procured with pension money as distinct from other money of the plaintiff, and that, giving to plaintiff's testimony full credence, he was not entitled to exemption to so large an amount as that of the omitted moneys and credits with which he was sought to be charged.

The question was plainly one in which the plaintiff should have made his objections, if any, before the treasurer, and, if unsuccessful, before the district court on appeal, and is not entitled to relief by way of injunction.

The decree of the lower court is *affirmed*.