FRED J. BEERS, Appellant, v. WILLIAM LANGENFELD, Treasurer of Carroll County, Iowa.

**Taxation:** PROPERTY PURCHASED WITH PENSION MONEY.  Real property purchased with pension money is not exempt from taxation.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

THURSDAY, DECEMBER 15, 1910.

SUIT in equity to restrain the defendant from collecting a tax assessed against the plaintiff's real estate.  There was a judgment for the defendant.  The plaintiff appeals. —*Affirmed.*

*W. C. Saul,* for appellant.

*E. A. Wissler* and *C. C. Helmer,* for appellee.

Sherwin, J.—The plaintiff alleged in his petition that he was the owner of a part of lot 7, block 12, in Carroll, Iowa, and that said property was purchased wholly with pension money; that it was assessed for the year 1909, and that the assessment was illegal because the property was paid for with pension money. A demurrer to the petition was sustained. The sole question before us for determination is whether real estate that has been purchased with pension money received from the United States government is exempt from taxation. The appellant contends that because section 4747 of the Revised Statutes of the United States and section 4009 of our own Code exempt from execution money received as a pension from the United States government, it follows that property purchased with pension money is exempt also from taxation. But such a result does not follow from the decisions under those statutes, nor can it be implied therefrom or from the language of the acts themselves. They exempt such property from sale to satisfy judgments against the pensioner, but they do not thereby necessarily exempt it from sale to satisfy a tax that has been levied on the property itself. No judgment or execution against the owner is necessary in such case. The taxation statute creates a lien for the tax, and provides that it may be enforced against the property without a formal judgment against the owner or an execution against the property. It is the general rule that all property is subject to taxation, except such as has been specifically exempted therefrom by the Legislature. In fact, the assessment statute expressly declares that all property which is not therein specifically made exempt from taxation shall be subject thereto. Code, section 1308. It may be conceded that pension money in the hands of the pensioner is exempt from taxation under the provisions of section 1309 of the Code, but that section can not be

extended because it provides only that pensions shall not be included in the term "credit," as used and defined in the chapter.    Another significant fact is this:    Section 1304 of Code Supp. 1907 enumerates the property that shall be exempt from taxation; and the seventh paragraph thereof relates exclusively to the property of soldiers and sailors, but it does not exempt from taxation property purchased with pension money.    We can not sustain the appellant's claim without adding to the exemption made in the statute.    As tending in some degree to support the conclusion here reached see *White v. City of Marion,* 139 Iowa, 479; *Bedner v. Carroll,* 138 Iowa, 338.

The judgment of the district court is *affirmed.*