In the Matter of the Estate of STEPHEN A. ZADURIAN.

Surrogate's Court, New York County, August 6, 1931.

*Dicran Simsarian*, for the administrator.

*Paul Cooksey*, for the claimant.

O'BRIEN, S.   In this accounting proceeding a claim in the sum of $1,500 has been presented, under an assignment, by an attorney residing in the city of Los Angeles, Cal.   The decedent was a soldier in the United States army during the World War.   He died in the service in or about the year 1918, a resident of the county of New York.   He held a war risk insurance policy in the sum of $10,000. After the death of decedent, one Philip Boyanjian, first alleging that he was an uncle and again that he was the foster parent of the decedent, made a claim to the veterans bureau for payment of the proceeds of said insurance policy and collected from said bureau about $4,000.   The claimant was employed by the mother of decedent to represent her before said bureau.   He alleges as a result of his efforts an administrator of the decedent's estate was appointed and letters of administration were issued to the Lawyers Trust Company.   The veterans bureau paid to said administrator the balance of the proceeds of said insurance policy.   Thereafter said administrator by way of settlement recovered from said Boyanjian a substantial portion of the amount he had wrongfully collected.   On October 22, 1926, said trust company qualified as administrator of said estate and on March 19, 1928, the claimant received an assignment from the mother of the decedent which contains the following: " I hereby assign and set over to said Matthew G. Ferrahian, the sum of Fifteen Hundred ($1500.00) Dollars of the said proceeds now held by the Lawyers Trust Company, as administrator of this estate, and direct that payment of

said sum of Fifteen Hundred ($1500.00) Dollars be made by said administrator to Matthew G. Ferrahian."

Neither the mother of decedent nor the administrator makes any objections to said assignment. The administrator, however, calls, attention to the fact that it received various communications from the American branch of the International Migration Service, Inc., wherein attention is called to section 22 of the World War Veterans' Act (U. S. Code, tit. 38, § 454). This court will not affirmatively join in a violation of the rules governing attorneys' fees in such Federal matters as the war risk insurance. The amount involved in the assignment does exceed the allowance permitted by the Federal rule (U. S. Code, tit. 38, § 551). It should be noted that the situation before Surrogate WINGATE in *Matter of Engel* (140 Misc. 276) was essentially different from that here presented. The claim in the sum of $1,500 is disallowed.