140 So. 584

## STATE v. WRIGHT.

### 8 Div. 374.

Supreme Court of Alabama.

March 17, 1932.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., and Claud D. Scruggs, of Albertville, for the State.

358

T. Harvey Wright, of Guntersville, for appellee.

**BROWN, J.**

The guardian of J. H. King, a person non compos mentis and a World War veteran, purchased the eighty acres of land, the subject of this controversy, with money received by the guardian under the World War Adjusted Compensation Act (USCA, title 38), for the use and maintenance of said King as a disabled and dependent soldier.

The land, which is situated in Marshall county, was duly and regularly assessed by the taxing authorities for state and county taxes, in the face of objection made by the guardian that said land was exempt from taxation. The guardian failed or refused to pay the taxes, and after they had become delinquent the tax authorities certified this land, along with others, to the probate court for an order of sale. The guardian of King appeared before the probate court and again asserted that the lands were exempt from taxation under the provisions of said act of Congress, and his objection to the assessment was dismissed and order of sale entered. He then appealed to the circuit court, where his contention was renewed, and the circuit court sustained the contention and vacated and annulled the decree of the probate court, and from that judgment the state and county of Marshall prosecute this appeal.

The first contention of the appellant is that the probate court was without jurisdiction to vacate and annul the assessment, which was regular on its face, and therefore the appeal should be dismissed.

It is a sufficient answer to this contention that that court had jurisdiction to enter the decree which it did enter, and that decree is sufficient to support the appeal to the circuit court. Moreover, if the act of Congress authoritatively withdraws this property from the subjects of taxation by the state, and destroys the state's authority to assess it, as appellee contends, the taxing authorities exceeded their power, and their acts would be void.

The guardian rests his contention that the lands are not subject to taxation on the provisions of sections 454 and 618, 38 USCA. The first provides that: *"The compensation, insurance, and maintenance and support allowance* payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; *and shall be exempt from all taxation,"* etc. (Italics supplied.) USCA, title 38, § 454, page 217.

The other section provides: *"No sum payable* under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, *no adjusted service certificate,* and no proceeds of any loan made on such certificate, shall be subject to attachment, levy, or seizure under any legal or equitable process, or to National or *State taxation."* (Italics supplied.) USCA, title 38, page 276, § 618.

It is a well-settled rule of statutory interpretation, that provisions for exemption from taxation must be construed strictissimi juris, and claims of exemption not clearly within the import of the language of the statute must be rejected. 26 R. C. L. 313, § 274; Philadelphia, etc., R. R. Co. v. Maryland, 10 How. 376, 13 L. Ed. 461; Bailey v. Magwire, 22 Wall. 215, 22 L. Ed. 850; Hoge v. Richmond, etc., R. Co., 99 U. S. 348, 25 L. Ed. 303; Memphis, etc., R. Co. v. Loftin, 105 U. S. 258, 26 L. Ed. 1042; Chicago Theological Seminary v. Illinois, 188 U. S. 662, 23 S. Ct. 386, 47 L. Ed. 641.

When this rule of interpretation is applied to the quoted sections of the statute, it is clear that the exemption applies only to "compensation, insurance and maintenance and support allowance," "adjustment certificates," and "sums payable" under the act of Congress, and does not extend to privately owned property purchased with money arising from such sources, and which was at the time of its purchase within the jurisdiction of the state and subject to its powers of taxation. McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579; Martin v. Guilford County, 201 N. C. 63, 158 S. E. 847; State ex rel. Smith, Attorney General, v. Board of Com'rs of Shawnee County, 132 Kan. 233, 294 P. 915; Beers v. Langenfeld, 149 Iowa, 581, 128 N. W. 847; Charles Bednar v. C. D. Carroll, as Treas., etc., 138 Iowa, 338, 116 N. W. 315.

Nor is the appellee's contention in any way supported by Choctaw, Oklahoma & Gulf R. Co. v. Harrison, Sheriff, etc., 235 U. S. 292, 35 S. Ct. 27, 59 L. Ed. 234, and other cases, holding that the lands and property of the Indians were not taxable by the state. The control over property involved in those cases

was by the acts of Congress, and the treaties with the Indian tribes, reserved by the United States for the protection of the Indians, and said property was not and had never been subject to taxation by the state, and the effect of the enabling act of Congress admitting the state of Oklahoma as a, state was to preserve the control by the United States over this property and exclude the jurisdiction of the state for the purpose of taxation. 26 R. C. L. p. 99, § 74.

But the mere fact that the private property of individuals or corporations is devoted to a use in carrying out a policy of the federal government is not sufficient in itself to withdraw such property from taxation by the state. McCulloch v. Maryland, supra; 26 R. C. L. 95, § 71.

The judgment here is that the lands in question were not exempt from taxation by the state and the county of Marshall, and that the circuit court erred in so holding. The judgment will therefore be reversed, and the cause remanded with direction to the circuit court to dismiss appellee's petition.

Reversed and remanded.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.

Supreme Court of Alabama.
March 17, 1932.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., and Claud D. Scruggs, of Albertville, for the State.

T. Harvey Wright, of Guntersville, for appellee.