## DERZIS v. VAFES.

### 6 Div. 402.

Supreme Court of Alabama.

Oct. 12, 1933.

Rehearing Denied Nov. 9, 1933.

Walter H. Anderson, of Birmingham, for appellant.

John C. Arnold, Chester Austin, Frank M. Dixon, Yelverton Cowherd, and J. A. Simpson, all of Birmingham, for appellee.

BROWN, Justice.

The sole question presented by this appeal is whether or not moneys paid to the guardian of a mentally incompetent soldier by the United States, as compensation insurance and maintenance and support allowance, under the "World War Veterans' Act" (38 USCA § 421 et seq.), and deposited by such guardian in the garnishee bank to the credit of the guardian of such soldier, may be subjected by garnishment against the bank to the payment of a judgment obtained by a creditor against such guardian?

We are not advised by the record as to the nature of the claim of the creditor further than "that on December 15, 1932, a waiver of exemption judgment was rendered in the Circuit Court of Jefferson County, Alabama, in cause #80317, in favor of the plaintiff, Nick Derzis against A. L. Vafes, as guardian for Louis Armenes, a non compos mentis, and Louis Armenes, in the sum of Nine Hundred Twenty-Five ($925.-00) Dollars and costs, and that no part of said judgment has been paid."

We assume, therefore, that the judgment was based on a debt contracted by the mentally incompetent soldier prior to his disability, and was evidenced by a contract waiving exemptions secured to him under the laws of the state.

The question, we think, must be given a negative answer. The act of Congress (43 Stat. 613, § 22) authorizing payments to the guardian provides, inter alia: "The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, * * * shall not be

subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV," etc. Section 454, 38 USCA p. 217.

And section 308 (43 Stat. 125) provides: "No sum payable under this chapter to a veteran or his dependents, or to his estate, * * * shall be subject to attachment, levy, or seizure under any legal or equitable process," etc. Section 618, 38 USCA p. 276.

The clear effect of these provisions of the statute is to exempt said funds in the hands of the guardian, or on deposit to his credit in the bank, from being subjected to the claims of creditors and from seizure under process issued for the collection of debts.

■ The benevolent purpose manifested in the act of Congress is to preserve the fund for the support of the mentally incompetent soldier, that he may not be reduced to want and become a public charge. The power of the Congress to protect the fund provided by the government for the support of disabled and incompetent soldiers and their dependents is well settled. United States v. Hall, 98 U. S. 343, 25 L. Ed. 180; Perrydore v. Hester, 215 Ala. 268, 110 So. 403; Payne, Adm'r, v. Jordan et al., 152 Ga. 367, 110 S. E. 4; Id., 28 Ga. App. 151, 110 S. E. 452; In re Succession of George Charles I. Geier, Dec'd, 155 La. 167, 99 So. 26, 32 A. L. R. 353.

Analogies are presented in our law (Code 1923) exempting certain specific property to protect improvident debtors from waivers of exemption (Coffman v. Folds, 216 Ala. 133, 112 So. 911; Enzor & McNeill v. Hurt, 76 Ala. 595); exemption of insurance on the life of the husband and father in favor of the wife and children, which is not subject to waiver (Code 1923, § 8277; Kimball v. Cunningham Hardware Company, 192 Ala. 223, 231, 68 So. 309; Young v. Thomason, 179 Ala. 454, 60 So. 272).

Nothing said in United States Fidelity & Guaranty Co. v. Montgomery, Supt. of Banks, 226 Ala. 298, 146 So. 528, and State v. Wright, 224 Ala. 357, 140 So. 584, militates against the conclusions above stated. In the first, the question presented was whether or not the United States had retained such interest in the fund as entitled the guardian to claim a preference over other creditors in the settlement of the affairs of an insolvent bank. The question of exemption from the claims of creditors was not involved. In the Wright Case the sole question was whether or not the investment of funds in property within the state's jurisdiction and theretofore taxable had the effect to withdraw the property from taxation, and it was held that no such purpose was manifested by the act of Congress.

The ruling of the circuit court is in accord with the foregoing views, and the judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.