## MAHAR v. McINTYRE, Sheriff.

No. 5569.

District Court, D. Massachusetts.

Oct. 30, 1936.

Nathan Efron, of Boston, Mass., for petitioner.

Paul A. Dever, Atty. Gen., and Jas. J. Bacigalupo, Asst. Atty. Gen., for respondent.

McLELLAN, District Judge.

Herbert Mahar, having been remanded to the custody of the Sheriff for Berkshire County until he complied with an order of the Fourth District Court of Berkshire, sought a writ of habeas corpus directed to the sheriff and his deputies. The amended petition was filed in July, 1936. Subsequently the writ issued and the petitioner gave a satisfactory bond for the prosecution of his petition, and to answer the judgment of this or any appellate court.

The petitioner, a resident of Adams, Massachusetts, was a member of the military forces of the United States during the World War, and as such received an adjusted service certificate under the terms of the World War Adjusted Compensation Act (43 Stat. 121). In accordance with the Adjusted Compensation Payment Act of the current year (as amended [38 U.S.C.A. §§ 686–688b]), he received for his certificate something less than $50 in cash and fifteen $50 bonds amounting to $750. These bonds were received on or about June 15, 1936. Pursuant to the act, four of the bonds were cashed and the petitioner received $200 in currency. At this time the petitioner was a judgment debtor in the sum of $318.82. By virtue of a supplementary proceeding instituted by the judgment creditor under chapter 224 of the Massachusetts General Laws entitled "Arrest on Civil Process," the petitioner was examined in the Fourth District Court of Berkshire on or about June 19, 1936, as to his ability to pay the judgment in full or by installments. Thereupon, and within four days after the petitioner had received the bonds, the state court allegedly caused an order to be entered reading in substance as follows: "At a hearing on June 19th, 1936, Debtor submitted himself to examination. He was questioned by the Court and the Attorney for the Creditor. The Debtor admits that he has received $792.-94 as a bonus from the United States Government, that he has cashed $200 from the same and the balance is in the form of bonds of the United States Government. He admits he has this amount but says he refuses to apply on Creditor's bill. It is therefore ordered, adjudged and decreed that he has in his possession the amount of said bonus but that he has no other property not exempt from execution; he is therefore ordered to pay the amount of said judgment forthwith, that is to say within two weeks from this date." The parties are in disagreement as to whether this order was entered. Though the petitioner offered a copy thereof certified by the clerk, it was conceded at the hearing that the justice of the court did not sign it, and I find that though prepared by the clerk and submitted to him, the justice of the court did not approve it. Though for reasons hereafter appearing such an order would have been invalid, it was not made and so is treated as a nullity.

The order which was entered does not purport to deal with the bonds, but only with the currency received by the petitioner for some of the bonds. This order reads: "At a hearing on June 19th, 1936, Debtor submitted himself to examination. He was questioned by the Court and the Attorney for the creditor. The Debtor admits that he has received $792.94 as a bonus from the United States Government. He admits that he has this amount but says he refuses to apply it on creditors bill. It is therefor ordered, adjudged and decreed that he has in his possession the amount of cash to wit: $200.00 from said bonus as set forth above but that he has no other property not exempt from being taken but that he has ability to pay the amount of said cash in his hand and he is therefor ordered to pay the amount of said cash on said judgment forthwith that is to say within two weeks from this date."

■ Since 1879, when United States v. Hall, 98 U.S. 343, 25 L.Ed. 180, was decided by the Supreme Court of the United States, no real doubt has been entertained as to the right of Congress to provide against the attachment or seizure of soldiers' benefits before they have reached the soldier.

■ The validity of the order as a basis for imprisonment for contempt of court incident to noncompliance with it depends upon whether the Congress had the power to exempt cash proceeds of the bonds from seizure or attachment, and whether the provisions of the World War Adjusted Compensation Act and of the Adjust-

ed Compensation Payment Act of 1936 constitute an exercise of such a power.

The analogies of the recent decisions indicate that the matter is within the domain of congressional power. The statute declares the proceeds of loans nonattachable, and the courts hold that such proceeds may not be attached. Hoerster v. Johnson City State Bank (Tex.Civ.App. 1933) 58 S.W.(2d) 142; Shaw v. Williams (Tex.Civ.App.1933) 60 S.W.(2d) 1073. See, also, Derzis v. Vafes, 227 Ala. 471, 150 So. 461; DeBaum v. Hulett Undertaking Company, 169 Miss. 488, 153 So. 513; Wilson v. May, 169 Miss. 281, 152 So. 878; Matter of Cerello's Estate, 155 Misc. 709, 281 N.Y.S. 599.

The next question is whether the Congress, having the right to exempt the proceeds of the bonds while in the same currency as received by the petitioner, has exercised it. Referring to the chapter entitled "World War Veterans' Adjusted Compensation," title 38, section 618 of the United States Code (38 U.S.C.A. § 618) reads:

"§ 618. *Benefits exempt from seizure under process and taxation; no deductions for indebtedness to United States.* No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or State taxation, and no deductions on account of any indebtedness of the veteran to the United States shall be made from the adjusted service credit or from any amounts due under this chapter. (As amended July 3, 1926, c. 751, § 3(a), 44 Stat. 827.)"

The Adjusted Compensation Payment Act of 1936 provides that the bonds contemplated by the act shall not be subject to "attachment, levy or seizure under any legal or equitable process." Section 4, as amended (38 U.S.C.A. § 686c). Manifestly, the words "attachment, levy or seizure" appearing in the foregoing sections are not to be construed so narrowly as to embrace only process in the hands of an officer for service. DeBaum v. Hulett Undertaking Company, supra.

Having in mind the liberality with which legislation of the type here involved is construed, I think the direct and immediate proceeds of the bonds, while still in the form of the currency actually received, are exempt from seizure. Section 618 of title 38, supra, which is still in force, provides that no sum payable to a veteran under the Compensation Act shall be subject to attachment, levy, or seizure. In view of this language, it seems to me unnecessary to have mentioned the word "proceeds," as was deemed necessary when dealing with loans made to veterans; because loans by others were not sums payable by the United States. By virtue of the Payment Act of 1936, the cash paid by the Government for the bonds became a sum payable to the veteran, and though the matter is not free from doubt, I think that under the circumstances here presented, it is exempt from the kind of seizure involved in the order.

The conclusion is that the order was invalid and the petitioner's arrest unauthorized. The writ is sustained.

In view of the foregoing, it is unnecessary to consider in detail the petitioner's requests for rulings of law.