27 So.2d 498

### MADDOX v. ELLIOTT.

#### 6 Div. 482.

Supreme Court of Alabama.
Oct. 10, 1946.

Curtis & Maddox, of Jasper, for appellant.

W. P. Jent, Wm. M. Kelly and J. M. Rowe, for Gen. Omar N. Bradley, as Administrator of Veterans Affairs, and Lawrence A. May, for C. C. Norton, as State Service Commissioner, State Department of Veterans Affairs of Alabama, Amici Curiae.

Carl A. Elliott, of Jasper, for appellee.

BROWN, Justice.

This appeal is from a decree of the Probate Court of Walker County granting the petition of Carl A. Elliott, as guardian of the estate of Jacqueline Stansberry, a minor, to pay the mother $458 for money borrowed and support furnished to the minor in the interim between the death of the minor's father and payments to the guardian by the government under war insurance policies on the life of the father, a deceased soldier, and the payment of the money to the guardian; also for future allowances to the minor for its maintenance and support.

The guardian ad litem acting for the minor appealed to the Court of Appeals where the case was submitted on May 14, 1946, and on July 25, 1946, transferred the case to this court under the provisions of § 96, Tit. 13, Code of 1940.

■ Code of 1940, Tit. 21, § 73 conferred on the probate court jurisdiction to entertain the application of the guardian for allowances to the minor for her support. Law v. Bush, 239 Ala. 612, 195 So. 885.

■■ The only estate accruing in the hands of the guardian arises from payments made by the United States under the National Service Life Insurance on the life of the deceased soldier, under the provisions of § 454a, Tit. 38 U.S.C.A. The funds in the hands of the guardian are exempt from the claims of creditors and are not subject or liable to "attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." Derzis v. Vafes, 227 Ala.

471, 150 So. 461, 462; Lawrence v. Shaw, 300 U.S. 245, 57 S.Ct. 443, 81 L.Ed. 623, 108 A.L.R. 1102; Perrydore v. Hester, 215 Ala. 268, 110 So. 403. Pending the payments to the guardian under National Service Life Insurance policies, it was the legal duty of the mother to support her minor child and any debt which she incurred in respect thereto was her debt and the funds in the hands of the guardian arising from such payment cannot be appropriated to the payment of such indebtedness.

The evidence in the record supports the allowance of $40 per month for the future maintenance of the minor.

The decree of the probate court insofar as it authorizes the payment of said sum of $458 is reversed and a decree here rendered denying the petition to this extent. The decree insofar as it allows said sum of $40 for the future support and maintenance of the minor is corrected by striking therefrom the provision in the decree that the guardian shall not be required to account for such payment in future settlements. This is contrary to the statute. Code 1940, Tit. 21, § 168. Let the guardian pay the costs. As corrected, the decree is affirmed.

Reversed and rendered in part and in part corrected and affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.