33 So.2d 889

**BRADLEY, Adm'r of Veterans Affairs, v. HENDERSON.**

6 Div. 593.

Supreme Court of Alabama.

Jan. 15, 1948.

Rehearing Denied Feb. 26, 1948.

Wm. M. Kelly and Eugene T. Beasley, both of Montgomery, for appellant.

Tucker & Prince, of Birmingham, for appellee.

BROWN, Justice.

This appeal is from a decree of the probate court granting the petition of Helen C. Henderson, who is the guardian of her fourteen year old minor son, awarding $350 out of the estate of said minor to pay for dental treatment to be administered to the petitioner and $125 as attorney's fees for services of her attorney rendered at her request in connection with the petition and other services.

The minor's estate consists of a balance of about $400, of $800 paid to the guardian upon her appointment in 1945, and installment payments under insurance policy issued to Charles Young Henderson, a soldier who died in the service of the United States August 5, 1944, in which he named his youngest brother, the minor in this case, the beneficiary under said policy. The monthly payments are $55.10 per month to continue for 240 months—twenty years. The petitioner receives in her own right monthly payments of $54 as a pension from the United States government as the mother of her deceased son.

The basis of petitioner's claim is that she is in need of treatment by an oral surgeon to preserve her health so that she can maintain a home for the minor.

The petitioner was appointed as guardian October 19th, 1945. Soon after her appointment she was paid as guardian the accumulation under said policy accruing from the date of the death of the soldier up to the date of said payment. But at the time of the hearing of this petition that surplus had been reduced to about $400. Soon after the appointment of said guardian, she was allowed by decree of the probate court $50 per month out of said minor's estate for the support and maintenance of said minor, who lived with her as a member of her family, leaving only $5.10 for accumulation. The decretal allowance is for the personal use of the mother and to her attorneys for services rendered at her request. The mother is not shown to be indigent nor a dependent of her minor son.

Section 454a, Title 38 U.S.C.A., provides that: "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. * * *." Veterans' Benefits (Laws—Construction—Regulations) 1946, p. 780, § 454a.

The decree of the court from which this appeal is prosecuted is in legal effect an expropriation and assignment of the private property of such minor to the private use of his mother contrary to the letter and spirit of said § 454a, supra. Robertson et al v. McSpaddin et al., D.C., 46 F.2d 702; In re Zadurian's Estate, 142 Misc. 24, 253 N.Y.S. 652; Maddox v. Elliott, 248 Ala. 271, 27 So.2d 498; Derzis v. Vafes, 227 Ala. 471, 150 So. 461.

The decree of the probate court is reversed and one here rendered dismissing the petition at the cost of the petitioner.

Reversed and rendered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.