# Craft & Co. v. Stoutz.

*Bill in Equity by Judgment Creditor, to reach and subject Property held by Wife of Deceased Debtor.*

1.  *Waiver of exemptions in note; insurance by debtor for benefit of his wife.*—A waiver of exemptions in a promissory note does not affect the debtor's right to insure his life for the benefit of his wife, paying annual premiums not in excess of $500 (Code, § 2356); nor can the creditor, having reduced his debt to judgment, reach and subject in equity property which the surviving wife has bought or improved with the proceeds of the policy.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. WM. H. TAYLOE.

The bill in this case was filed on the 14th November, 1890, by John Craft, doing business under the name of Craft & Co., against Mrs. Julia J. Stoutz, both individually and as executrix of the will of her deceased husband, F. Arnold Stoutz, and contained these allegations : (1.) That said F. A. Stoutz was indebted to complainant, January 1st, 1883, for goods sold and delivered, and the indebtedness continued to increase until August 19th, 1885, when he executed to complainant his several promissory notes for the amount due, each containing a waiver of exemptions; and on these notes complainant recovered a judgment against him, Dec. 16th, 1887, on which an execution was afterwards issued, and returned "No property found." (2.) That said Stoutz, "during the existence of said indebtedness, and before the

execution of said notes," had taken out a policy of insurance on his own life in the sum of $4,000, for the benefit of his wife, and he continued to pay the quarterly installments, about $30, until his death, which occurred on the 3d May, 1890; and the bill charged that these payments were in the nature of a voluntary conveyance, and were fraudulent as against complainant's rights as a creditor. (3.) That on the 26th February, 1883, said Stoutz executed to his wife a deed conveying the house and lot in which they resided as a homestead, and which was of value more than $2,000; and the bill charged that this conveyance was voluntary, though it also recited the payment of a nominal consideration, "and was and is null and void, because not executed as by law prescribed for the conveyance of the homestead." (4.) That on the 1st April, 1884, Stoutz and wife executed a mortgage on the property, still occupied as their homestead, to Phœbe A. Tuthill, to secure a debt of $1,000, money borrowed by said F. A. Stoutz; and this mortgage being foreclosed, M. G. Hudson became the purchaser, at the price of $1,060, and received a conveyance from the mortgagee, dated March 23d, 1886; but, on the 26th June, 1886, he re-conveyed the property to her, on the recited consideration of $1,060 paid. (5.) That on the 28th June, 1886, F. A. Stoutz borrowed $1,200 from one F. L. Gelbke, and paid $1,100 of the money to Phœbe A. Tuthill in satisfaction of her claim; who thereafter conveyed the property by deed, reciting that consideration, to the wife of said Stoutz; and on the next day, June 29th, Stoutz and wife conveyed the property by mortgage to Gelbke to secure the payment of the $1,200 so borrowed. (6.) That Mrs. Stoutz collected the insurance money soon after the death of her husband, paid off the mortgage to Gelbke, satisfaction of which was entered on the record, expended $2,000 or more in the erection of improvements on the property, reported the estate of her husband insolvent, and had it so declared, and refused to pay complainant's judgment; and the bill alleged that in fact there were no assets of the estate out of which satisfaction of the judgment could be enforced.

On these allegations, the bill prayed (1) that the conveyance by said Stoutz to his wife be declared null and void, and be cancelled; (2) that the payments made by him in premiums on the policy of insurance, after the execution of notes to the complainants, be declared fraudulent as against complainant's rights as a creditor, and chargeable on the insurance money received by the defendant, and on the property in which she had invested the same; and (3) that

[Craft & Co. v. Stoutz.]

the conveyance from Mrs. Tuthill to the defendant be declared fraudulent, and the property condemned to the satisfaction of the complainant's debt.

The defendant demurred to the bill for want of equity, (1) because it showed that the policy of insurance was taken out before the execution of the notes by said Stoutz to the complainant, and (2) because it showed that the annual premiums paid were less than $500, and (3) because it showed that defendant did not join in the execution of said notes; and also for multifariousness, because it sought to have complainant's debt declared a charge on the property, and also to have the conveyances of the property declared fraudulent and void.

The chancellor sustained the demurrer generally, not specifying any ground, but gave the complainant leave to amend his bill; and an amendment was then filed, which is thus set out in the record: "(1.) By striking out, on page 9 of the bill, the last two lines, beginning with the word *then* immediately after the word *Honor;* also, by striking out the first line on page 10, ending with the word *came.* (2.) Also, by striking out the first eleven lines of the prayer on page 10, and beginning on the 10th page with the words *the deed of conveyance,* &c. (3.) Also, by adding after the word *debt,* in the 19th line of page 10, the following: 'That payment of $1100 by said F. A. Stoutz to Phœbe Tuthill, and the investment of the purchase of said property, wherein the title to said property is taken in the name of defendant; and that your Honor will then charge said property with the payment of said sum due to complainant from said Arnold Stoutz; and that said property be condemned and subjected to the satisfaction of complainant's said debt; and that said deed from said Phœbe Tuthill to defendant be set aside, cancelled and annulled;'" and the general prayer for other and further relief was then added.

The defendant demurred to the amended bill, on the same grounds as to the original; and the chancellor sustained the demurrer. The decrees on the demurrers are assigned as error.

WM. E. RICHARDSON, for appellant.

F. G. BROMBERG, *contra.*

COLEMAN, J.—Craft & Co., complainants, as creditors of the estate of F. Arnold Stoutz, filed the present bill to subject to the payment of their claim certain property, the

legal title to which is in the name of his wife, the respondent.

It is unnecessary to consider the validity of the deed of 1883, by which Arnold Stoutz, the husband, conveyed the homestead to his wife. If null and void for want of consideration, or defective execution of the conveyance, or for any other cause, the mortgage on this property executed by Stoutz and wife to Phœbe A. Tuthill, on the 1st day of April, 1884, is not assailed. At the time of the execution of this mortgage, complainants had no lien on, or claim to this property, and the grantors had a perfect right to mortgage the same, if they saw proper. This mortgage was foreclosed on the 23d day of March, 1886, and at the sale the property was purchased by one Hudson, either for himself or the mortgagee. If this property, conveyed by the mortgage to Tuthill, was the property of Arnold Stoutz, as charged in the bill, complainants, as judgment-creditors of Arnold Stoutz, were authorized to redeem this property from the purchaser. Their judgment against Arnold Stoutz was recovered on the 16th day of December, 1886, and they have permitted more than two years to elapse, the time allowed by statute for redemption. The present bill is not one to redeem the property.

It is averred that, on the 28th day of June, 1888, Phœbe Tuthill by deed conveyed the property to Julia Stoutz, for an expressed consideration of eleven hundred dollars; that on the 28th day of June, 1888, twelve hundred dollars was borrowed by Arnold Stoutz from one Gelbke, the payment of which was secured by a mortgage executed by Julia Stoutz (the wife) and her husband on this property to said Gelbke, and that the money thus borrowed was the money paid to Mrs. Tuthill, the consideration for the conveyance to Mrs. Julia Stoutz of June 28th, 1888. The bill then shows that the husband, Arnold Stoutz, died, and out of the proceeds of a policy of insurance taken out by him in his life-time for the benefit of his wife, Julia Stoutz, the mortgage to Gelbke was paid by her; and that the wife, in addition to the money paid to satisfy this mortgage, expended about two thousand dollars in improving the premises. The bill charges that complainant's judgment was founded upon notes made by Arnold Stoutz, in which he waived his right to claim exemption of personal property, and that these notes antedated the payment of the annual premiums, and that the premiums paid upon the policy were voluntary, and null and void for this reason as against him. The equity of complainant's bill, and his right to relief in this aspect of

[Rosenberg v. Claflin Company.]

the case, depend upon the right of the wife to the money collected from the policy.

Section 2356 of the Code provies, that the wife may insure the life of the husband, for the benefit of herself, or for the benefit of herself and child or children of the marriage. It also provides that the husband or father may insure his life for the benefit of the wife and child or minor children, and such insurance is exempt from liability for his debts or engagements, if the annual premiums do not exceed five hundred dollars. In this case, as appears from the bill, the annual premiums were not so much as five hundred dollars.

A note waiving exemption as to personal property is a mere debt or engagement. It in no sense creates a lien on property or money. The effect of the statute which permits the husband to insure his life for the benefit of his wife is to enable the husband to expend so much money in the manner prescribed, for the benefit of his wife, which, without the statute, would not be exempt from liability for the debts of the husband. The creditors of Arnold Stoutz, the husband, have no claim upon the insurance money, the proceeds of the policy taken out for the benefit of the wife. This money belongs to her in her absolute right, and she had the power to expend it as she saw proper.

The demurrer to the bill raised these questions, and was properly sustained.

Affirmed.