# Chandler, Trustee, *v.* Traub, *et al.*

*Bill to Require the Payment of the Surrender Value of Certain Life Insurance Policies to Trustee in Bankruptcy.*

(Decided April 15, 1909.   49 South. 241.)

1. *Insurance; Contract; Parties; Contract.*—The word, assured, as used in an insurance contract, generally speaking, is synonymous with the word, insured, although sometimes applied to the beneficiary; but where a third party secures a policy on another's life such third party is spoken of as the "assured" since the contract is with such party.

2. *Bankruptcy; Exemptions; Effect on Life Insurance Policy.*— Since the Code exempts from all creditors the sum or amount of insurance becoming due and payable to the assured or the beneficiary and since the Bankruptcy Act exempts to the bankrupt such exemptions as are prescribed by the state laws in force at the time of the filing of the petition, the amount of insurance whether of the cash surrender value or of the sum of the policy payable to the bankrupt or his estate is exempt and the trustee in bankruptcy is not entitled to receive either from the bankrupt or from the insurance company.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESBITH.

Bill by E. G. Chandler as trustee in bankruptcy of Jacob Traub against said Traub and a certain insur-

[Chandler, Trustee, v. Traub, et al.]

ance company, to require said Trab and insurance company to pay over to the trustee in bankruptcy the cash surrender value of certain policies of life insurance payable to Traub or his estate, and by him transferred to his wife. A demurrer was sustained to the bill and complainant appeals. Affirmed.

M. M. ULLMAN, for appellant. Sec. 2607, Code, 1896, is unconstitutional, notwithstanding the decision of *Rayford v. Paulk*, 45 South. 714. If the statute is construed as giving an exemption to a living person whose life is insured such exemption so created is not cognate to and embraced in the subject of the title. The word, "assured" and "beneficiary" are synonymous.—29 N. Y. Sup. Ct.; 104 N. Y. 143; 198 U. S. 202; 104 Fed. 968; 15 Am. Bankruptcy Rep. 107.

GEORGE HUDDLESTON, for appellee. A conveyance of exempt property is not fraudulent as to creditors or as to one succeeding to their rights.—*Steiner v. Berney*, 130 Ala. 289; *Bank v. Brown*, 128 Ala. 557; *Pollack v. McNeil*, 100 Ala. 203; *Fuller v. Whitlock*, 99 Ala. 411; *Hodges v. Winston*, 95 Ala. 514; *Fellows v. Lewis*, 65 Ala. 344. Life insurance policies having no cash surrender value do not pass to a trustee in bankruptcy, nor is it necessary for the bankrupt to pay the trustee in order to retain the same.—Sec. 70, Bankruptcy Act; *Hiscock v. Mertins*, 205 U. S. 202. The insurance is exempt from the claims of creditors.—Sec. 2607, Code 1896; *Holden v. Stratton*, 198 U. S. 202; *Mitchell v. Allis*, Ala.; *Pace v. Pace*, 19 Fla. 438. Exemption statutes are liberally construed; *Kennedy v. First Nat. Bank*, 107 Ala. 170; *McGuire v. VanPelt*, 55 Ala. 344.

SIMPSON, J.—The bill in this case was filed by the appellant, as trustee in bankruptcy of Jacob Traub,

against said Traub, his wife, Minnie Traub, and several life insurance companies, and seeks to require said Traub to pay over to complainant the surrender value of certain life insurance policies, originally made payable to said Traub, or his estate, but which it is alleged have been fraudulently changed so as to make them payable to his said wife, and, in default of said payment, the prayer is that said policies shall pass to the complainant, and that said companies be required to pay said surrender value to said complainant. The bill and amended bill were demurred to, and the demurrers sustained.

This court has recently passed upon the validity of section 32 of the act of February 18, 1897 (Acts 1896-97, p. 1393), holding it not to be violative of the Constitution (*Rayford v. Faulk*, 45 South. 714), and has also held that under said act (which was copied into the Code of 1896 as section 2607) policies of insurance therein described are exempt from the claims of creditors of either the insured or the beneficiary.—*Mitchell et al. v. Allis, Adm'r, et al.*, 157 Ala. 304, 47 South. 715; *Heflin, as Adm'r, v. Allen et al., supra*, 48 South. 695. Whether reference is made to the amount due at the death of the insured, or to the amount of the surrender value of the policy, it is still "the sum or amount of insurance becoming due and payable by the terms of the application and policy." If the creditors can come in and demand that the value of the policy be paid to them, either by the insured or by the company, it would destroy its value as exempt property and render the statute nugatory.

The appellant claims that there is a distinction between the words "insured" and "assured," and that the "assured" is the beneficiary, while the "insured" is the party whose life is insured. It is true that the word

"assured" is sometimes applied to the beneficiary; but, generally speaking, the word is synonymous with the word "insured," and is so defined in the dictionaries. As stated by the Superior Court of New York, in a case in which it was held that the "assured" referred to the beneficiary: "The meaning of the term 'assured' is to be derived from the connection."—*Hogle v. Guardian Life Ins. Co.*, 29 N. Y. Super. Ct. (6 Rob.) 567, 569. In another case the New York Court of Appeals held that because a policy of insurance was taken out by the wife and children, and paid for by them, and the party whose life was insured had nothing to do with it, the wife and children were the parties "assured."—*Ferdon v. Canfield*, 104 N. Y. 143, 145, 10 N. E. 146. It was consequently held that the party whose life was insured could not assign the policy.

It will be seen, from this and other cases, that stress is laid upon the question as to who procured the policy to be issued, and that, when a third party procures a policy on another's life, said third party is spoken of as the assured, because the contract is with him; also that the construction depends upon the "collocation of the terms." 1 Words and Phrases, pp. 592. But, however that may be (although we think that, in our statute, the word applies to the person whose life is insured), in this case, according to the statement in the bill, the person who procured the policy, and whose life was insured, was also the beneficiary, as it is stated that it was payable to him or his estate. The gravaman of this complaint is that he had no right to assign the policy to his wife, and, as above shown, he was both the "insured" and the 'assured," if there was any difference in the terms, and the policy was exempt under the statute. Consequently it was no wrong to the creditors for him to assign it to his wife.

The appellant claims, next, that under section 70 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), the surrender value of the policy goes to the trustee in bankruptcy. That section provides that, 'when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors; * * * otherwise the policy shall pass to the trustee as assets." But the first part of said section, in providing the various items of property which are to be turned over to the trustee, makes a special exception of "property which is exempt," and section 6 provides that "this act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws in force at the time of the filing of the petition."

It is evident that section 70 refers only to insurance policies which are not exempt by the state laws. As stated by the Circuit Court of Appeals: "This rule of exemption, therefore, pervades the whole act, and is to be read into every other section and provision of the act."—*Steele et al. v. Buel et al,* 104 Fed. 968, 970, 44 C. C. A. 287. The point is also clearly decided in the case of *Holden v. Stratton,* 198 U. S. 202, 212, 213, 25 Sup. Ct. 656, 49 L. Ed. 1018.

The trustee in bankruptcy is not entitled to receive any part of the proceeds of said policy of insurance, and the decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.