# Young *v.* Thomason.

*Assumpsit.*

(Decided November 21, 1912.   Rehearing denied December 17, 1912. 60 South. 272.)

1. *Exemptions; Insurance; Rights of Creditors.*—Under section 4502, Code of 1907, where a father insured his life and made the insurance payable to his daughter and the beneficiary was not changed, during his life, the policy was not subject to his debts notwithstanding he was authorized by the contract to change the beneficiary.

[Young v. Thomason.]

*2. Bankruptcy; Exemption; Life Policy.*—A policy of insurance on the life of a bankrupt, which is exempted from liability for the bankrupt's debts under the state law, is also exempt under the bankrupt act.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by Nellie M. Thomason against the Pittsburg Life & Trust Company on a policy on the life of her father, R. P. Thomason, payable to plaintiff as beneficiary. Defendant answered that C. H. Young, as trustee in bankruptcy of the estate of the insured, claimed the money which defendant paid into court, and Young was brought in, and under an issue made by the court propounded his claim to the money. From a judgment in favor of plaintiff, the trustee appeals. Affirmed.

KNOX, ACKER, DIXON & STERNE, and BLACKWELL & AGEE, for appellant. The title to the policy of insurance vested in the trustee as of the date of the filing of the original petition in bankruptcy.—Section 70 of the Bankrupt Act; Collier on Bankruptcy, Eighth Edition 808. The policy of insurance would be subject to the debts of R. P. Thomason as property fraudulently conveyed.—*Fearn Executor v. Ward Administrator*, 80 Ala. *Tomkins v. Levy*, 87 Ala. 263; *Lehman v. Gunn*, 124 Ala. 213; *Beall v. Lehman-Durr Co.*, 110 Ala. 446; *Stokes v. Jones*, 21 Ala. 731; *Stiles v. Lightfoot*, 26 Ala. 443; *Huggins vs. Perrine*, 30 Ala. 396. The right to change the beneficiary was a reservation of benefit to the insured, R. P. Thomason.—*Tomkins v. Levy* (*supra*), Code of Alabama, section 3287; Code of Alabama, section 3422. Because of the right on the part of R. P. Thomason to change the beneficiary at his will, which included the right to make the policy payable to himself or his estate, it was not within the protection of section 4502 of the Code of 1907, or of the Code

[Young v. Thomason.]

of 1896, section 2535.—Code of Alabama, section 3422 and 4287 and the authorities cited supra. The right to change the beneficiary or to nominate the beneficiary caused the title to the policy to vest in the trustee.— *In re Welling,* 113 Fed. 189 (C. C. A.) ; *In re O'Rear,* 178 Fed. 632; *In re Herr,* 182 Fed. 716; *In re Dolan,* 182 Fed. 949; *In re White,* 174 Fed. 333.

WILLETT & WILLETT, for appellee. The policy did not pass to nor title vest in the trustee in bankruptcy of the insured, under the bankrupt act.—Loveland on Bankruptcy 498; Collier on Bankruptcy 823; *In re Pfafinger,* 164 Fed. 526. There is no distinction in law between policies of mutual benefit associations and mutual or life insurance companies.—*Supreme Commandery v. Ainsworth,* 71 Ala. 436; 98 Indiana 149; 73 Maine 299; 105 Mass. 149; 19 Amer. St. Rep. 781 and note. An insured member has no interest in the fund, but simply a right to change the beneficiary in the policy, which becomes inoperative if not exercised and in no event does the insurance money become an asset of his estate.—25 Am. St. Rep. 260; 94 N. Y. 580; 35 Am. St. Rep. 810. For the reasons stated in *Burlingham v. Krauss,* 181 Fed. 479, the policy did not pass to the trustee. See 132 Fed. 927; 124 Fed. 734. Said policy was exempt to the beneficiary under the laws of Alabama, and that also exempted it from the operation of the bankrupt act.—Section 4502, Code of 1907; 198 U. S. 202; 104 Fed. 968; 190 U. S. 264; 154 Fed. 490. The fact that one of the creditor's notes contained a waiver of exemptions on the part of the insured does not change the principle of law as to exemptions of insurance policies.—*Craft v. Stoutz,* 95 Ala. 245; *Waldrom v. Waldrom,* 75 Ala. 285; *Drake v. Stone,* 58 Ala. 133; *Felrath v. Schonfield,* 76 Ala. 199. The discharge in

bankruptcy of Thomason is a full defense against the trustee in bankruptcy.—Collier on Bankruptcy, 296; 104 Fed. 982; *Roden Gro. Co. v. Bacon,* 133 Fed. 515; 190 U. S. 294.

ANDERSON, J.—Section 2535 of the Code of 1896 (section 4502 of Code of 1907, with a slight change), among other things, provides that "the husband or father may insure his life for the benefit of his wife, or for the benefit of his wife and children, or for the benefit of his child or children, and such insurance is exempt from liability for his debts or engagements, or for his torts, or any penalty or damages recoverable of him, if the annual premiums thereon do not exceed five hundred dollars." This statute was designed as a proctection in the nature of an exemption to the class therein named, and should be liberally construed in favor of those whom it seeks to protect. At the time of the death of the insured, the policy was payable to his daughter, and the annual premium was much less than $500. Therefore said insurance was, under the very letter of the statute, exempt from liability for the debts of the father. It is contended, however, that the fund in question was not exempt under the statute for the reason, and notwithstanding it was payable to the daughter, that the policy contract authorized the father to change the beneficiary. It is a sufficient answer to this contention that the beneficiary was not changed, and that the policy was payable to the child at the death of the father, and the statute expressly exempts the proceeds from the payment of the father's debts, etc. Had he changed the beneficiary during his life to one not covered by the exemption statute, it would have probably been beneficial to his creditors, and they could not complain, but as he did not change it, and it was, at

the time of his death, payable to a beneficiary mentioned in the statute, it was exempt. It would be a harsh rather than a liberal interpretation to hold that a fund payable to a child, and which the statute expressly declares is exempt, should not be exempt simply because the insured reserved the right to change the beneficiary, but who did not do so. We think that the fund in question is exempt under the statute, notwithstanding the insured reserved the right to change the beneficiary, but which said right was never exercised. The cases of *Fearn v. Ward,* 80 Ala. 555, 2 South. 114, and *Tompkins v. Levy,* 87 Ala. 263, 6 South. 346, 13 Am. St. Rep. 31, dealt with policies unlike the present one and in connection with the statutes of 1876, which have since undergone a considerable change, and the fact that the statute had undergone a change was emphasized in the *Tompkins Case,* notwithstanding the policy there considered was governed by the old statute.

It is next insisted that the fund in question was subject to the claim of Mrs. Brock, for the reason that said claim contained a waiver as to the insured. The fact that Thomason waived his exemptions as to personal property could not operate as a waiver against the appellee. He merely waived his right to claim exemptions, but could not waive the exemptions given the wife, child, or children under section 4502 of the Code of 1907 (section 2535, Code of 1896).—*Craft v. Stoutz,* 95 Ala. 245, 10 South. 647.

It is well settled that a policy of insurance which is exempt under the laws of the state of the bankrupt are exempt under Bankr. Act 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).—*Holden v. Stratton,* 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur.