## In re BECKMAN.

No. 2254.
District Court, N. D. Alabama,

Northwestern Division.
May 26, 1943.

a policy of life insurance on his own life in the New York Life Insurance Company for the face amount of $2,500, and Frederick C. Beckman and Mary W. Beckman were named in the policy as beneficiaries. The beneficiaries are an uncle and an aunt by marriage, and they have been referred to in argument as the foster parents of the insured. The beneficiaries have never been changed.

At the time of the adjudication the policy had a cash surrender value of approximately $500. Under the terms of the policy, Beckman, the bankrupt, reserved the right to assign the policy and to change the beneficiary at will. The policy also contained the following provision:

"Rights of Insured.—The insured, during his lifetime, and without the consent of the beneficiary, may receive every benefit, exercise every right and enjoy every privilege conferred upon the insured by this policy, unless otherwise provided by indorsement hereon."

The trustee in bankruptcy petitioned the referee to enter an order directing the insurance company to pay over to the trustee the amount of the cash surrender value averring that he was entitled thereto under the provisions of section 70, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 110, sub. a.

The bankrupt is in the military service of the United States, but his attorney moved to dismiss the petition on the ground that the policy was exempt under the laws of Alabama. This motion of the bankrupt was overruled.

The beneficiaries answered the petition of the trustee, averring that they were entitled to the policy and to the cash surrender value thereof; that the trustee was not entitled to such surrender value, as the policy and its proceeds or avails were exempt and not available to the creditors of the bankrupt under the provisions of the exemption statute of Alabama.

On March 16, 1943, the referee entered an order directing the beneficiaries to surrender the policy to the trustee and ordering the insurance company to pay over to the trustee the amount of the cash surrender value, and decreeing that upon such payment, the insurance company should stand released from any further liability to the insured (bankrupt), the beneficiaries, the trustee, or to any other person. The beneficiaries bring the matter here on petition to review the referee's order.

F. E. Throckmorton, of Tuscumbia, Ala., for bankrupt.

Wm. F. McDonnell, of Sheffield, Ala., for petitioners.

C. W. Taylor, of Birmingham, Ala., for trustee in bankruptcy.

MULLINS, District Judge.

The bankrupt, Joseph J. Beckman, filed his voluntary petition in bankruptcy on October 29, 1942. Prior to bankruptcy and on November 30, 1934, the bankrupt effected

The insured's power to withdraw the cash surrender value of the policy at the time of bankruptcy would pass to the trustee under section 70, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 110, sub. a, unless it is exempted under section 6 of the Act, 11 U.S.C.A. § 24. Section 6 provides that exemptions prescribed by the laws of the state of the bankrupt's domicil shall not be affected by the Bankruptcy Act.

The question to be decided is whether the cash surrender value of the policy is exempt under the provisions of section 624 of Title 7, Code of Alabama of 1940. This section, in so far as here pertinent, reads: "If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy."

This section, as it appeared in former codes, was borrowed from New York. Kimball v. Cunningham Hardware Co., 192 Ala. 223, 231, 68 So. 309. In 1927 the New York statute was changed, and it appears that the portion of our statute now under consideration was copied from, and is in the exact language of, section 55-a of the New York Insurance Law of 1927, Consol. Laws, ·c. 28. The Alabama statute was amended in 1932 to comply with the changed New York statute (General Acts of Alabama 1932, Ex.Sess., p. 190). It does not appear that the Appellate Courts of Alabama have construed the portion of the amended section above quoted.

■ Exemption statutes of this kind are liberally construed. Kimball v. Cunningham Hardware Company, supra; Love et al. v. First National Bank of Birmingham et al., 228 Ala. 258, 153 So. 189.

In Holden v. Stratton, 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018, the Supreme Court of the United States ruled that insurance exempt under the state law did not pass to the trustee. in bankruptcy under section 70, sub. a of the Bankruptcy Act.

■ The Supreme Court of Alabama, in the case of Chandler, Trustee, v. Traub et al., 159 Ala. 519, 523, 49 So. 241, held directly contrary to the contention being here made by the trustee. That decision, however, was overruled (Sheffield Oil Mill v. Pool, 169 Ala. 420, 53 So. 1027), but solely on the ground that the statute there considered was not constitutionally enacted because of section 45 of the State Constitution. However, the reasoning of the Traub decision is sound, and should still stand.

The trustee contends that he is entitled to receive the cash surrender value because of the right of the insured to change the beneficiary and of the special provision of the policy above quoted, reserving to the insured every right and benefit, and in this connection, relies heavily upon the decision in Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143. In that case, the Supreme Court merely construed section 70, sub. a of the Bankruptcy Act, and no state exemption statute was involved. There it was held that the cash surrender value passed to the trustee because the insured had reserved the right to change the beneficiary and could have himself collected the same. The Alabama statute expressly provides that "the lawful beneficiary * * * shall . be entitled to its proceeds and avails against the creditors, * * * whether or not the right to change the beneficiary is reserved or permitted." It should be assumed that statutes like the one now being construed were enacted to meet the holding in the Cohen case. The above quoted provision of the policy reserving every right and benefit to the insured would not have the effect of taking away from the lawful beneficiary the right to receive, as against creditors of the insured, the "proceeds and avails" of the policy. The statute itself gives this right to the lawful beneficiary, whether or not the right to change the beneficiary is reserved.

Furthermore, in construing the section as it appeared in the Code of 1923, the Supreme Court of Alabama held:

"So we have held, and now hold, that neither the reserved power to change the

beneficiary *nor the reservation of a personal interest in the cash values stipulated in the policies,* neither of which was ever exercised, will stamp the transaction as fraudulent and void as against creditors of the insured. Young v. Thomason, 179 Ala. 454, 60 So. 272; Kimball v. Cunningham Hardware Company, 197 Ala. 631, 73 So. 323; Id., 192 Ala. 223, 68 So. 309. [Emphasis supplied.]

"It follows the amount exempt to the wife and children under section 8277 of the Code is not subject to the claims of creditors of the insured." Love v. First National Bank of Birmingham, supra, [228 Ala. 258, 153 So. 193].

The trustee argues that to hold the cash surrender value exempt would be to make an insurance policy "a shelter for valuable assets" and "a refuge for fraud," but this argument ignores the provision of the statute protecting creditors and providing "that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy." No contention is made that the bankrupt paid premiums with intent to defraud his creditors.

Our statutes, prior to the 1932 amendment, merely exempted insurance "for the benefit of [the wife] or for the benefit of [the wife] and any child or children of the marriage," and those statutes, unlike the one here, made no reference to the right of the insured to change the beneficiary. In construing the statute as it was written in the 1907 Code, the Supreme Court of Alabama, in Young v. Thomason, 179 Ala. 454, 457, 458, 60 So. 272, 273, said:

"This statute was designed as a protection in the nature of an exemption to the class therein named, and should be liberally construed in favor of those whom it seeks to protect. At the time of the death of the insured, the policy was payable to his daughter, and the annual premium was much less than $500. Therefore said insurance was, under the very letter of the statute, exempt from liability for the debts of the father. It is contended, however, that the fund in question was not exempt under the statute for the reason, and notwithstanding it was payable to the daughter, that the policy contract authorized the father to change the beneficiary. It is a sufficient answer to this contention that the beneficiary was not changed. * * *

It would be a harsh rather than a liberal interpretation to hold that a fund payable to a child, and which the statute expressly declares is exempt, should not be exempt simply because the insured reserved the right to change the beneficiary, but who did not do so. We think that the fund in question is exempt under the statute, notwithstanding the insured reserved the right to change the beneficiary, but which said right was never exercised."

The provision of the statute now being considered was construed by other courts prior to its adoption in Alabama. In the case of In re Messinger, 29 F.2d 158, 160, 68 A.L.R. 1205, decided in 1928, the Circuit Court of Appeals, 2d Circuit held:

"The statute does not exempt the bankrupt if he exercises his reserved power to change the beneficiary for his personal advantage, and, indeed, precludes an exemption in such case by saying that the 'beneficiary * * * other than the insured' shall be entitled to the proceeds and avails. But it plainly does attempt to exempt the 'proceeds and avails', so far as beneficiaries, other than the bankrupt, may have an interest in the policy. · It does not protect the insured against his creditors, and only seeks to prevent them from affecting the rights of the beneficiaries other than himself. While the insured may still change the beneficiary, and appoint to himself under the reserved power, by reason of the New York Insurance Law, he cannot be compelled to do this, as he would have been prior to the enactment of section 55a, because, to do so, would deprive the beneficiaries of their interest. Thus there is an allowance of an exemption to the bankrupt to the extent of the right of the trustee to compel him to exercise the reserved power. While the benefit inures directly to the beneficiary, and not to the bankrupt, yet it is an exemption of the bankrupt himself to the extent indicated."

New Jersey has similar statutes. 2 Comp. Statutes, N.J. 1910, p. 2850, sections 38, 39, N.J.S.A. 17:34–28, 17:34–29. These statutes were construed by the Federal Courts and the Courts of New Jersey prior to the present enactment. In the case of Smith v. Metropolitan Life Insurance Company, 43 F.2d 74, 76, the Circuit Court of Appeals, 3d Circuit, it is said: "The appellate courts of New Jersey have definitely decided that the proceeds of an insurance policy on the life of a bankrupt are exempt under sections 38 and 39 of the New Jersey In-

surance Law and that this rule applies as well to policies where the wife was made beneficiary, with the right of revocation, as to policies where the wife was made beneficiary without the right of revocation. G. P. Farmer Coal & Supply Company v. Albright, 90 N.J.Eq. 132, 106 A. 545; Merchants' & Miners' Transp. Co. v. Borland, 53 N.J.Eq. 282, 31 A. 272."

■ It is presumed that these judicial constructions were adopted along with the statute. Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787. Other decisions rendered subsequent to the time of its adoption in Alabama have placed the same construction on this or similar statutes. Schwartz v. Holzman, 2 Cir., 69 F.2d 814; In re Keil, 2 Cir., 88 F.2d 7; Slurszberg v. Prudential Ins. Co. of America, 192 A. 451, 456, 15 N.J.Misc. 423. In the latter case, it is said:

"While it may be true that the insured may cash in his policy without regard to the wishes of the beneficiary, that reserved right, since the insurance was effected and taken out for the benefit of the latter to give force and effect to the statute, must, as to creditors seeking to exercise it in the place and stead of the insured, where the latter has not acted, be deemed and held subordinate to the rights of the beneficiary. There are no sound reasons, either in morals or in equity and good conscience, why the creditor, to the detriment of the beneficiary, should be given the right and privilege of the insured in such cases. No credit is extended to the insured on the faith of the insurance, for all persons dealing with him are bound to know the law, and that money to become due thereon, when payable to a third person, having an insurable interest, is exempt from their claims. The Legislature was careful to protect the just claims of creditors, and to give them all that they could equitably ask for when it provided at the end of section 38 of the 'Insurance Act' as follows: 'Provided, that, subject to statute of limitation, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy.'"

Under the express language of the present statute, it is provided that where a policy of life insurance is effected by any person on his own life in favor of a person other than himself, the lawful beneficiary or assignee thereof shall be entitled to the "proceeds and avails" of such insurance against the creditors of the insured, *whether or not the right to change the beneficiary is reserved or permitted.* The language of the statute is plain and unambiguous, and the policy in question falls within the very letter of the statute. To hold that the policy and its "proceeds and avails" are not expressly exempted would be to destroy the exemption granted and leave no field of operation for the plain language of the statute.

The trustee in bankruptcy represents the creditors. To permit him to recover the cash surrender value of the policy for the benefit of the creditors is but to nullify the express provision of the statute providing that the "lawful beneficiary * * * shall be entitled to its proceeds and avails against the creditors * * * of the insured." The statute permits of no such construction.

■ The cash surrender value constitutes part of the proceeds of the policy. In re Messinger, supra; Schwartz v. Holzman, supra. Indeed, in the present case, if the order of the referee were permitted to stand and the policy surrendered and the insurer released of all further liability, the cash surrender value would constitute the entire "proceeds and avails" of the policy. Dividends have been held to constitute "proceeds" of the policy. In re Keil, 2 Cir., 88 F.2d 7. And similar statutes have been held applicable to endowment insurance. Slurszberg et al. v. Prudential Insurance Company of America, supra.

But the trustee argues that the exemption cannot apply because the Alabama decisions hold that where the right to change the beneficiary is reserved, the beneficiary does not have a vested interest in the policy. Taylor v. Southern Bank & Trust Co., 227 Ala. 565, 151 So. 357; Phillips v. Phillips, 240 Ala. 148, 198 So. 132. The answer to this contention is that the Legislature has said in no uncertain terms that the beneficiary is entitled to the "proceeds and avails" as against creditors, regardless of whether or not the right to change the beneficiary is reserved. The Legislature has the power and has expressly protected the right of the beneficiary, whether such right be vested, contingent, or a mere expectancy.

■ The trustee also insists that the exemption only applies to "proceeds or avails" payable after the death of the insured. There is nothing in the statute to support such a contention. No language is

used showing any intention to hold the exemption provision in abeyance until the death of the insured. The words "die", "deceased", or "after death" are not used in the statute. The statute refers to "insured" and "creditors * * * of the insured." The Legislature well knew that an insured would probably have creditors during his lifetime and no doubt fully realized that if the cash surrender value could be reached by creditors of the insured while he was living, there would not be in many cases any "proceeds or avails" to exempt or safeguard after death. Nowhere in the statute do we find a single word or expression indicating that the exemption is only to be effective after the death of the insured. The present holding is not in conflict with the decision in Morgan v. McCaffrey et al., 5 Cir., 286 F. 922. The plain language of the Florida statute there construed expressly limited its operation to situations arising after the death of the insured.

The order of the referee directing the beneficiaries to deliver said policy to the trustee and ordering the insurance company to pay the cash surrender value is reversed and vacated, and the referee is instructed to dismiss the petition of the trustee.