**In the Matter of Royal Emerson LAMB and Gertrude Lamb, Bankrupts.**

**In the Matter of David Joseph TAMPLAIN, Bankrupt.**
**Nos. BK–63–32, BK–63–165.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.
Aug. 23, 1967.

---

R. Paul Greene, Baton Rouge, La., for Royal Emerson Lamb and Gertrude Dumas Lamb.

Louis D. Curet, D'Amico & Curet, Baton Rouge, La., for David Joseph Tamplain.

WEST, District Judge:

These matters are before the Court on petitions for review of an order of the Referee in Bankruptcy declaring non-exempt the cash surrender value of certain life insurance policies. In both of these cases it was found at the first meeting of the creditors that the bankrupt owned an insurance policy issued on his life, and that in each case the cash surrender value of the policy exceeded the amount of any outstanding loan against it. The only question presented is whether or not, in the State of Louisiana, the cash surrender value of a policy of life insurance written on the life of a bankrupt is exempt from seizure for debt under the bankruptcy laws. If the cash surrender value is exempt, then the bankrupt has the right to keep it. But if it is not exempt, then under Section 70a(5) of the Bankruptcy Act, 11 U.S.C.A. § 110 (a) (5), the bankrupt has the option of (1) paying or securing to the Trustee the unencumbered portion of the cash surrender value and retaining the policy as his property, or (2) surrendering the policy to the Trustee who could then secure from the issuing company the cash surrender value thereof to be used for the benefit of creditors. The Referee in these cases concluded that the cash surrender value of life insurance policies written on the life of the bankrupt were not exempt, and that hence the bankrupt must exercise one of the two options mentioned above. I disagree with this conclusion and hold, instead, that in the State of Louisiana the cash surrender value of life insurance policies issued on the life of the bankrupt is not an asset of the bankrupt's estate that can be obtained by the Trustee for the benefit of creditors.

In order to determine whether or not the Trustee may obtain the cash surrender value of such insurance policies for the benefit of creditors, we must look to the laws of the state governing the property, for it is state law which determines whether or not such property is exempt from seizure. 11 U.S.C.A. § 24. If it is exempt by state law, then, of course, the Trustee has no claim to it because property exempt by state law is not subject to administration under the Bankruptcy Act. See Volume 4, Collier on Bankruptcy, Section 70.23; In re Fogel (CA 7, 1947), 164 F.2d 214; Ralph v. Cox (CA 8), 1 F.2d 435; Hogan v. Hall (CA 5, 1941), 118 F.2d 247.

In 1914 the Louisiana Legislature passed Act No. 189 pertaining to the exempt status of "proceeds or avails" of insurance. This Act provided:

"Be it enacted by the General Assembly of the State of Louisiana, That the proceeds or avails of all life, including fraternal and co-operative, health and accident insurance shall be exempt from all liability for any debt, except for a debt secured by a pledge of such policy, or any rights under such policy that may have been assigned; or any advance payments made on or against such policy."

Various re-enactments of this statute occurred between 1914 and 1948. In each of these subsequent acts the same general language was used, i. e., "That the proceeds or avails of * * * insurance * * * shall be exempt from all lia-

bility for * * * debt." In 1948 the Louisiana Legislature adopted what is known as the Louisiana Insurance Code, Act 195 of 1948, R.S. 22:1 et seq., which was a codification of the existing laws of Louisiana pertaining to insurance. In this Act new language was substituted for that quoted above. The language used therein to provide for exemption from seizure for debt of "proceeds and avails" of insurance policies was as follows:

"The lawful beneficiary, assignee, or payee, including the insured's estate, of a life insurance policy, or endowment policy or annuity contract, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy or contract against the creditors and representatives of the insured and of the person effecting the policy or the contract or of the estate of either, and against the heirs and legatees of either such person saving the rights of forced heirs, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use." Act 195 of 1948.

This Act was again re-enacted and amended by Act 125 of 1958, but the changes made therein are of no importance to a decision in this case.

It is because of this change in language that the Referee in Bankruptcy held in these cases that the cash surrender value of an insurance policy was no longer exempt from seizure under the laws of Louisiana. In the course of his opinion the Referee recognized that prior to 1948 the cash surrender value was, under the laws of the State of Louisiana, a part of the "proceeds or avails" of the policy and thus exempt. But in the course of his opinion he says:

"However pertinent expressions may be in cases such as the Succession of LeBlanc and others interpreting the 1914 statute, we think that these interpretations are not controlling at the present time and have not been since the adoption of the Insurance Code of 1948, in which it seems clear that the legislature intended to protect the proceeds and avails of life insurance only insofar as they were receivable by a beneficiary, a payee, or assignee, or an estate—in other words, the proceeds or avails of a life insurance policy after that policy matures by reason of the death of the insured. We think that this is the significance of the abandonment of the basic language of the 1914 act and the reason why in the new Insurance Code of 1948 and, subsequently, in the Insurance Code of 1958, reference is made specifically to the beneficiary, the assignee, or the payee, including the insured's estate, of a life insurance policy or endowment policy."

■ I do not interpret the quoted provision of the Louisiana Insurance Code as having this effect. On the contrary, the quoted provision does, in my judgment, clearly provide for the exemption of the cash surrender value to which the insured bankrupt might be entitled during his lifetime. Louisiana law specifically exempts the "proceeds and avails" of the policy insofar as the "lawful beneficiary, assignee, or payee" is concerned. If, at the time the insured became a bankrupt he had a right to demand the cash surrender value of the policy from the issuing company, he is certainly a "payee" of that cash surrender value. And if he is a "payee" he is entitled to the "proceeds and avails," including the the cash surrender value as against his creditors. In other words, if he has a right to the "proceeds and avails" as a "payee," these "proceeds and avails" are exempt from seizure. It seems quite clear that the very reason for the inclusion of "payees" in the protected class is to exempt from seizure such proceeds and avails to which the insured himself might be entitled during his lifetime. The death benefits are exempt from seizure by the language of the Act which includes "beneficiaries" and "insured's estate" in the group of protected persons or entities.

Each amendment made by the Louisiana Legislature to the 1914 Statute pertaining to exemption of proceeds from insurance policies has been designed to liberalize rather than to restrict the scope of the exemption. For example, Act 189 of 1914 provided:

"Be it enacted by the General Assembly of the State of Louisiana, That the proceeds or avails of all life, including fraternal and co-operative, health and accident insurance shall be exempt from all liability for any debt, except for a debt secured by a pledge of such policy, or any rights under such policy that may have been assigned; or any advance payment made on or against such policy."

Act 88 of 1916 liberalized this exemption by including "dividends" in the exempt class of property. Act 95 of 1934 further enlarged the exemption by allowing widows and heirs to reject a succession and retain the right to the exempt "proceeds, avails, and dividends." Act 155 of 1934 added the proceeds from "health and accident, pension annuities and gratuities" to the list of exempt properties, and Act 221 of 1944 further clarified the exempt status of proceeds from health, accident, annuity, and endowment policies.

There is no reason to believe that Act 195 of 1948, or the later re-enactments of that Act intended to limit the scope of exemption so as to exclude the cash surrender value of insurance policies when, prior to the passage of that Act, the law was clear that the prior acts did include the cash surrender value in the category of exempt property. See Succession of LeBlanc, 142 La. 27, 76 So. 223, 223 L.R.A.1917F, 1137 (1917).

The Louisiana Insurance Code was designed to codify and re-enact the law of Louisiana pertaining to insurance. It did exactly that. The inclusion of the word "payee" in the list of persons entitled to the proceeds and avails of insurance policies as against the claims of creditors was, it seems to me, for the obvious purpose of specifically exempting from seizure by creditors the "proceeds and avails," including the cash surrender value, to which the insured during his lifetime might be entitled. If indeed this was the intention of the Legislature, then of course the Bankruptcy Court is bound by that law. As correctly stated in In Re White, 185 F.Supp. 609 (D.C.N.D.W.Va.):

"The leading case of Holden v. Stratton, 1905, 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018, expressly holds that * * * the bankruptcy court must give effect to the State statute. * * * Since the leading case of Holden v. Stratton, supra, there have been a host of cases construing statutes of various states and unanimously holding that the words 'proceeds' or 'proceeds and avails' when used in life insurance exemption statutes comprehend the protection of cash surrender values and other values built up during the life of the policies as well as as the death benefits." (Citing cases.)

Had the Louisiana Legislature intended to deny protection to the insured in a case such as this, it could easily have worded the Exemption Statute to do so. For example, it could have worded its statute as did the Alabama Legislature, Code 1940, Tit. 7, § 624, whose statute reserves the proceeds and avails of insurance policies to "the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance * * *." See In re Beckman, 50 F.Supp. 339 (D.C.N.D.Ala.1943). But the Louisiana Legislature did not so restrict its exemption. After providing for the protection of the beneficiary and assignee of the policy, it added protection to the "payee." For what other reason could this addition of the word "payee" have been made than to exempt from seizure the "proceeds and avails," which has always been held to include cash surrender value, that might be due the insured during his lifetime? The statute in question specifically states that "Such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the pro-

ceeds or avails are made available *for his own use.*" In view of the history of the various exemption statutes in Louisiana, as outlined above, and in view of the express language contained in the statute currently in effect, it is the opinion of this Court that the Referee erred in holding that the cash surrender value of the insurance policies involved were not exempt from liabililty of the insured bankrupt for debt. The Referee concluded " * * * it seems clear that the Legislature intended to protect the proceeds and avails of life insurance only insofar as they were receivable by a beneficiary, a payee, or assignee, or an estate—in other words, the proceeds or avails of a life insurance policy after that policy matures by reason of the death of the insured." But as was stated in *Beckman,* supra:

"The trustee also insists that the exemption only applies to 'proceeds or avails' payable after the death of the insured. There is nothing in the statute to support such a contention. No language is used showing any intention to hold the exemption provision in abeyance until the death of the insured. The words 'die', 'deceased', or 'after death' are not used in the statute. The statute refers to 'insured' and 'creditors * * * of the insured.' The Legislature well knew that an insured would probably have creditors during his lifetime and no doubt fully realized that if the cash surrender value could be reached by creditors of the insured while he was living, there would not be in many cases any 'proceeds or avails' to exempt or safeguard after death. Nowhere in the statute do we find a single word or expression indicating that the exemption is only to be effective after the death of the insured."

Nor do I find any language in the Louisiana Insurance Code which would indicate an intention on the part of the Louisiana Legislature to exempt only the "proceeds and avails" payable after death. On the contrary it specifically exempts the "proceeds and avails * * * from all liability for any debt of * * * [the] payee * * * existing at the time the proceeds or avails are made available for his own use." The cash surrender value, as a part of the proceeds and avails of the policies in these cases, were available to the insureds, as payees, or to the named beneficiaries, as the case may be, whenever they wished to avail themselves of it, and hence, these proceeds were not subject to administration by the Trustee in Bankruptcy.

For these reasons the judgment of the Referee in Bankruptcy in each of these cases is hereby reversed and the cases remanded to the Referee for further proceedings not inconsistent herewith.