In re William Boise WORTHINGTON, Debtor.

Bankruptcy No. 3–82–00380.

United States Bankruptcy Court, W.D. Kentucky.

March 9, 1983.

J. Baxter Schilling, Louisville, Ky., counsel for debtor.

Wallace H. Spalding, Jr., Louisville, Ky., trustee.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on the objection of the trustee to two claimed exemptions of the debtor, specifically an exemption of the cash surrender value of life insurance policies and exemption of an Individual Retirement Account (IRA).

On February 19, 1982, the debtor filed a voluntary petition under the provisions of Chapter 7 of the Bankruptcy Code. Pursuant to that petition, on Schedule B–4 the debtor claimed as exempt the cash surrender value of life insurance policies pursuant to KRS 427.110 in the total amount of $3,568.00, and an Individual Retirement Account pursuant to KRS 427.150 in the amount of $5,959.68. These exemptions are claimed under the Kentucky Revised Statutes since the Commonwealth of Kentucky pursuant to the election granted by the Bankruptcy Code, 11 U.S.C. § 522(b), opted out and adopted a state exemption scheme.

The exemptions here in issue are claimed under state statutes which provide in pertinent part:

KRS 427.110(1): "(1) Any money or other benefit to be paid or rendered by any assessment or cooperative life or casualty insurance company is exempt from execution or other process to subject such money or other benefit to the payment of any debt or liability of a policyholder."

KRS 427.150: "(1) An individual is entitled to exemption of the following property to the extent reasonably necessary for the support of him and his dependents in addition to property totally exempt under subsection (2) of this section:

. . . .

(b) Assets held, payments made, and amount payable under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract, providing benefits by reason of age, illness, disability, or length of service. . . ."

The first issue is whether the cash surrender value of policies owned by the debtor is exempt pursuant to KRS 427.110. This statute does not restrict "any money or other benefit to be paid. . ." as exemptible only upon death but rather it denotes an exemption extending to the debtor on any monetary value or benefits accruing by virtue of ownership. Thus, the loan values or the cash surrender values by virtue of the enactment of the Kentucky Legislature have been deemed exempt since the term "any money . . . to be paid" is not restricted as to time of election and offers no alternative but to include the cash surrender value within its definition. Congress has, by extending to individual states the elective right of opting out of the federal exemption scheme, recognized their right and responsibility to determine the scope of their exemptions, and further implicitedly permitted nonuniformity in the exercise of this right between states. The Kentucky Legislature has, after due deliberation and in its wisdom, determined that any monetary value in life insurance policies owned by its citizens is exempt without monetary limitation. It is not the role of the Court to determine whether the state exemption statutes are imprudent nor that the authority granted by Congress to state legislators is too broadly granted. Thus, the Court's role is restricted to an interpretation of what exemptions have been enacted and to that extent recognize the debtor's right thereto without a value judgment of whether the state legislature has spoken too liberally or too conservatively. If abuses to enacted exemptions are deemed to exist, the remedy is by means other than judicial legislation.

A companion state exemption statute consistent with this interpretation of KRS 427.110 is KRS 304.14–300, which specifically exempts proceeds of life insurance policies. KRS 304.14–300 states:

"(1) If a policy of insurance whether heretofore or hereafter issued, is effected by any person on his own life, or on another life, in favor of the person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance or executors or administrators of such insured or the person so effecting such insurance, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted. . . . "

It has been judicially held that "the words 'proceeds' or 'proceeds and avails' when used in life insurance exemption statutes comprehend the protection of cash surrender values and other values built up during the life of the policies as well as the death benefits." *Matter of White*, 185 F.Supp. 609, 613 (N.D.W.Va.1960), citing *Schwartz v. Holzman*, 69 F.2d 814 (2nd Cir.1934); *In Re Weick*, 2 F.2d 647 (6th Cir.1924).

"The Legislature well knew that an insured would probably have creditors during his lifetime and no doubt fully realized that if the cash surrender value could be reached by creditors of the insured while he was living, there would not be in many cases any 'proceeds or avails' to exempt or safeguard after death. Nowhere in the statute do we find a single word or expression indicating that the exemption is only to be effective after the death of the insured." *Matter of Lamb*, 272 F.Supp. 393, 397 (E.D. La.1967), citing *In Re Beckman*, 50 F.Supp. 339 (N.D.Ala.1943). Further, if property is exempt by state law, the trustee has no claim to it because property so exempt is not subject to administration under the Bankruptcy Act. See *Matter of Lamb, supra.*

In Kentucky, the trustee is likewise denied title to exempt property by state law. The cash surrender value of an insurance policy was exempt in Kentucky pursuant to *In Re Renaker*, 295 F. 858 (E.D.Ky.1923), where the beneficiary is a person other than the insured even if the insured retains the right to change beneficiary. Thus, the exemption law as to this asset under the Code is now consistent with its status under the former Bankruptcy Act.

■ The second but equally important issue presented, is whether an Individual Retirement Account is exempt under Kentucky law. The Court is not unmindful of bankruptcy decisions which have addressed this question under other appropriate state exemption statutes, but since this court of necessity must look to the Kentucky exemption statutes to resolve the issue herein, the precedents expounded are neither compelling nor controlling in the instant case. See *In Re Talbert*, 15 B.R. 536 (Bkrtcy., W.D. La.1981); *In Re Howerton*, 21 B.R. 621 (Bkrtcy., N.D.Tex.1982); *Matter of Baviello*, 12 B.R. 412 (Bkrtcy., E.D.N.Y.1981); *Matter of Mace*, 4 BCD 94 (Bkrtcy., D.Or. 1978); *In re Ferwerda*, 424 F.2d 1131 (7th Cir.1970); *In Re Graham*, 24 B.R. 305 (Bkrtcy., N.D.Iowa 1982); and *In Re Hinshaw*, 23 B.R. 233 (Bkrtcy., D.Kan.1982). Without rejecting the rationale therein but recognizing that the Court is here restricted to an interpretation of Kentucky law, it is the opinion of the Court that two tests exist to determine whether the IRA account here in question is within the purview of the exemption statute:

(1) Is the cash value of the IRA account reasonably necessary for the support of the debtor and his dependents in addition to property otherwise totally exempt?

(2) Is an IRA account a "similar plan or contract" under the provisions of KRS 427.-150(1)(b)?

The cash value of the debtor's IRA account is approximately $6,000.00. The trustee does not allege that this value is excessive or not reasonably necessary under the threshold issue of exemptibility, and in view of its modest amount the Court finds that the test of reasonable necessity has been met. Rather, the trustee urges that such accounts are not exempt since the ex-

press language of the statute fails to specifically denote an IRA account as exempt under KRS 427.150(1)(b). The Kentucky statute differs distinctly by contrast to other state statutes relied upon by bankruptcy courts in determining this issue. Our statute exempts *"assets held, payments made, and amount payable under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract. . . ."* Following the usual rules of statutory construction, it is apparent that the specific programs denoted are not all inclusive and that for the phrase "or similar plan or contract" to be extended its legislative intent the determination must be made as to whether an IRA account is such a "similar plan or contract."

Each of the specifics named as well as the IRA program has the common theme of deferred tax liability on assets presently owned, and with the ostensible purpose to supplement retirement income in the future or provide benefits by reason of age, illness, disability, or death. There is no question but that the IRA account was a qualified plan pursuant to the Internal Revenue Code, 26 U.S.C. § 408(a), on the date the petition was filed.

The sophistication of deferred compensation plans and programs precludes an exhaustive identification of such arrangements, and thus, the phrase 'similar plan or contract' must by its adoption include those plans closely parallel in nature to the specifics named. Therefore, it must be acknowledged that the legislature in enacting KRS 427.150 did not intend to restrict exempt status to only those arrangements expressly set forth therein, since it recognized the existence of other sophisticated benefit systems regardless of their generic term under the all-encompassing phrase "similar plan or contract." To be thus included the similar plan or contract must possess the characteristics of those programs expressly stated or be so parallel in nature as to serve the same goals or purposes. It is well recognized that IRA accounts do possess these traits in that benefits through contributions of a tax-deferred nature do flow to the debtor and his dependents under a formalized plan conditioned upon certain prospective elections or future events and mandating that such accounts to be deemed a qualified plan must adhere to rigid requirements monitored by the Internal Revenue Service.

The trustee argues that since the debtor had some degree of control over the funds in the IRA account and there is no guarantee said account will be retained until retirement, such assets must be deemed nonexempt and recoverable by the trustee for the benefit of creditors. There is no evidence to indicate that the establishment of the IRA was with intent to delay, hinder, or defraud creditors of the payments made thereunder, and absent such intent, express or implied, the exemption statute is entitled to a construction liberal to the debtor. *Doethlaff v. Penn Mutual Life Insurance Company, et al.,* 117 F.2d 582 (6th Cir.1941). It must be noted the criteria relied upon by the trustee to justify denial of exempt status is without foundation. Debtor control over assets is not the determinant of whether exempt status exists. In addition, exempt status, achieved as of the date of filing, need not be guaranteed or continued thereafter for any specific period in order not to nullify its exempt status by a post filing action. Thus, the sole issue under the applicable state statute is whether the asset in question is exempt on the date of the filing of the petition for relief.

It is further recognized that many of the expressly exempt plans set forth in the statute repose in the participant certain controls and electives as exist in qualified IRA plans, and accordingly, the legislature in the enactment did not deem such retained elective controls impediments to the establishment of their exempt status.

In view of the above, it is the opinion of the Court that the IRA here in question is includable as exempt under the provisions of KRS 427.150.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the trustee's objection to the claimed exemption of the IRA account as well as the exemption of the cash surrender value of the life insurance policies owned by the debtor be and the same hereby is overruled. This is a final order.